THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
HARVEY LARSON, Defendant-Appellant.

Second District   No. 2—85—0819

Opinion filed July 16, 1987.

G. Joseph Weller, of State Appellate Defender's Office of Elgin, and Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of Elgin, and Robert J. Biderman and Peter C. Drummond, both of State's Attorneys Appellate Prosecutor's Office, of Springfield, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Harvey Larson, was tried by a jury in the circuit court of Lake County and found guilty of the offenses of possession of a stolen vehicle, a Class 2 felony (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)), and theft over $300, a Class 3 felony (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(d)(1)).

The circuit court of Lake County entered judgment on the verdict for the conviction of possession of a stolen vehicle (the Class 2 felony). The court sentenced defendant to a term of seven years' imprisonment in the Department of Corrections.

Defendant appeals and raises these three issues as grounds for reversal: (1) whether the classification of the offense of possession of a stolen vehicle as a Class 2 felony when the more serious offense of theft over $300 is only a Class 3 felony violated the Illinois Constitution's assurances of due process and proportionate penalties; (2) whether he was proved guilty beyond a reasonable doubt of possession of a stolen vehicle where the State failed to prove that he ever knew the motorcycle in question was stolen property; and (3) whether he effectively waived his right to counsel at sentencing where the court failed to admonish him in accordance with Supreme Court Rule 401(a) (103 Ill. 2d R. 401(a)).

The defendant initially was charged by information with: (1) theft over $300 by obtaining control over certain stolen property, (2) theft over $300 by exerting unauthorized control over property of another, and (3) possession of a stolen vehicle knowing it to have been stolen.

Prior to trial, defendant moved to dismiss count III of the information on the ground that the classification of the offense of possession of a stolen vehicle as a Class 2 felony, when the more serious offense of theft over $300 is only a Class 3 felony, violates the Illinois Constitution's assurances of due process and proportionate penalties.

That motion was denied.

At trial, the following was adduced: Steven Cliff returned to his house on May 4, 1985, at 10:30 p.m. and found that his 1977 maroon-colored Yamaha motorcycle was missing from the driveway. He testified it was worth $1,100, but had told Officer Richard Haynesworth that it was worth $450.

Cliff reported the motorcycle missing. Ten or fifteen minutes later, Steven Cliff observed the defendant in front of Cliff's house, walking up the road. Cliff had met defendant a few days before when he sold defendant various motorcycle parts for the price of $100, which defendant still owed him.

Cliff asked defendant if he had seen his Yamaha motorcycle. The defendant replied that "he didn't know anything about nothing." Defendant went into a tavern across the street. When Cliff observed defendant leave the tavern through the back door, Cliff called for him to stop but defendant ran away.

The next afternoon Lake County deputy sheriffs searched for defendant and saw him driving a maroon-colored Yamaha, later identified as belonging to Steven Cliff. The officers followed defendant and, pulling beside him, requested that he stop. He refused and cursed them. The sheriffs followed him until he fell off his motorcycle, and they apprehended him as he attempted to run away.

Defendant told the sheriffs that he had purchased the motorcycle for $350, and he paid $100 down, but that he did not intend to pay the remaining $250. Defendant could not identify the person from whom he purchased the motorcycle, nor did he know where he purchased it.

The jury found the defendant not guilty of theft over $300 by exerting unauthorized control over property of another and guilty of the other two counts.

After a sentencing hearing, the circuit court of Lake County entered judgment on the conviction for possession of a stolen vehicle and sentenced the defendant to the Department of Corrections for a term of seven years.

■ Defendant argues that the classification of the offense of possession of a stolen vehicle as a Class 2 felony when the more serious offense of theft over $300 is only a Class 3 felony violates the Illinois Constitution's assurances of due process and proportionate penalties.

The Constitution of the State of Illinois provides that: "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of laws." (Ill. Const. 1970, art. I, sec. 2.) Section 2 of article I in part provides: "All penalties shall

138

be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, sec. 11.) The policy underlying these constitutional provisions would be violated if the penalty prescribed for an offense is not as great or greater than the penalty prescribed for a less serious offense. *People v. Wisslead* (1983), 94 Ill. 2d 190.

In *People v. Steppan* (1985), 105 Ill. 2d 310, 319, the supreme court referred to the above mentioned constitutional provisions as follows:

> "While acknowledging that sections 2 and 11 of the bill of rights place some restraint on the power of the General Assembly to establish penalties for crimes, this court has, nonetheless, been reluctant to invalidate penalties prescribed by the legislature. The court's reluctance stems from its recognition that it is the legislature which has been empowered to declare and define conduct constituting a crime and to determine the nature and extent of punishment for it. [Citations.] The legislature, institutionally, is more aware than the courts of the evils confronting our society and, therefore, is more capable of gauging the seriousness of various offenses. Thus, with regard to the due process provision, the court has required only that the penalty prescribed for the particular crime be ' "reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare." ' [Citation.]"

In *Steppan* the supreme court held to be not violative of the Constitution a provision which provided for more serious penalties for burglary of a motor vehicle than for the theft of the motor vehicle itself. Defendant has not supplied us with the journal of the General Assembly showing the debates on the amendments of section 4—103(a) (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)). However, it is obvious from the legislative history of this section that the General Assembly has on several occasions increased the penalty potential for this offense. It is obvious that the General Assembly is reacting to what it perceives to be an increased public danger. We, therefore, are not convinced that possession of a stolen vehicle is a lesser offense than theft over $300.

Accordingly, we hold that section 4—103(a) of the Illinois Vehicle Code does not violate the due process and proportionate penalties provisions of the Illinois Constitution.

■ Next, defendant contends he was not proved guilty beyond a reasonable doubt of possession of a stolen vehicle because the State

failed to prove that he ever knew that the motorcycle in question was stolen property.

The defendant's guilty knowledge may be established by proof of circumstances that would cause a reasonable person to believe the property was stolen. (*People v. Williams* (1976), 44 Ill. App. 3d 143.) Defendant's knowledge may be inferred from "the surrounding facts and circumstances *** including the acts and declarations of the accused." *People v. Mulford* (1943), 385 Ill. 48, 56.

In the instant case, the defendant fled from the victim shortly after the victim had asked him about the victim's missing motorcycle. More importantly, when hailed down by the police while riding the stolen motorcycle, the defendant cursed them and continued to flee until run down by the law officers.

■ The intent to permanently deprive the owner of his property may be established by circumstantial evidence. (*People v. Soskins* (1984), 128 Ill. App. 3d 564.) The intent to permanently deprive the owner of a vehicle is a question of fact for the trier of fact and a jury's verdict such as rendered in the case at hand will not be disturbed unless the supporting evidence is improbable, unconvincing, or contrary to human experience. *People v. Graydon* (1976), 38 Ill. App. 3d 792.

■ The defendant's actions in fleeing, and his explanation to the police that he bought the motorcycle from an unknown person at an unknown location for $100 down and he was going to "rip off" the seller for the $250 balance are so improbable and unconvincing as to be contrary to human experience.

After reviewing the testimony, we believe there was adequate evidence to support the jury's verdict finding that the defendant possessed a stolen vehicle knowing it to have been stolen.

■ Lastly, defendant contends that he did not effectively waive his right to counsel at sentencing where the court failed to admonish him in accordance with Supreme Court Rule 401(a) (103 Ill. 2d R. 401(a)), which provides as follows:

"(a) Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consec-

utive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court.

(b) The proceedings required by this rule to be in open court shall be taken verbatim, and upon order of the trial court transcribed, filed and made a part of the common law record."

During the trial of the issues of guilt or innocence, the defendant was represented by Assistant Public Defender Pantsios. After the verdict, and prior to sentencing, defendant requested that the court give him "a hearing for another appointed, another court appointed counsel." The court indicated that the defendant had a right to represent himself. The court observed that it believed attorney Pantsios' representation of defendant at trial had been competent.

The defendant requested that he be allowed to represent himself, and the court allowed the request, with the provision that attorney Pantsios not be released but be kept to give the defendant assistance. The court denied defendant's request for another appointed counsel.

Defendant proceeded to represent himself at sentencing, but the record shows attorney Pantsios was present and, on one occasion, intervened.

In *People v. Lindsey* (1974), 17 Ill. App. 3d 137, 140, the court explained:

"The purpose of Supreme Court Rule 401(a) is to provide a procedure which will eliminate any doubt that a defendant understands the nature and consequences of the charge against him before a trial court accepts his waiver of the right to counsel; it is a procedure that precludes a defendant from waiving assistance of counsel without full knowledge and understanding."

It is apparent that the trial court did not read the defendant Rule 401(a) after trial when defendant asked initially for additional appointed counsel and upon denial of that request asked to defend himself. However, this case is different than those cases where a slavish adherence to a reading of Rule 401(a) was required in that here the defendant had been arraigned and had proper admonitions as to (1) the nature of the charges; (2) the minimum and maximum sentence prescribed by law, and (3) defendant was afforded counsel at trial. Finally, the defendant was afforded standby counsel at sentencing who was obviously completely familiar with his case.

In addition, we have reviewed the record and note the many motions filed by defendant, which were given proper consideration by the trial court.

We believe that this case is controlled by our supreme court's case of *People v. Nieves* (1982), 92 Ill. 2d 452. There, the supreme court held that where the defendant was granted the "technical assistance" of an attorney, who was present during trial, the defendant need not be given all of the required admonishments under Rule 401(a).

We note that defendant was obviously aware of the nature of the charges and the potential sentence he could receive. We also note he did not lack any legal sophistication, but, on the contrary, argued effectively on his behalf and filed understandable motions in his cause.

We interpret the totality of defendant's comments and actions in this regard to be that he wanted the freedom of defending himself and he accepted the standby role of attorney Pantsios for legal expertise if needed. See *People v. Smith* (1985), 133 Ill. App. 3d 574.

For the foregoing reasons we affirm the judgment of the circuit court of Lake County.

Affirmed.

DUNN and REINHARD, JJ., concur.