THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM ARNOLD WALCHER, Defendant-Appellant.

Fourth District   No. 4—87—0235

Opinion filed October 15, 1987.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

On November 25, 1986, William Walcher was charged by information with three counts of child pornography (Ill. Rev. Stat. 1985, ch. 38, par. 11—20.1(a)(1)(vii)) and one count of unlawful possession of cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 704(d)).

Prior to trial, the defense filed a motion to declare the child pornography statute unconstitutional. The motion alleged, *inter alia*:

"[T]he child pornography statute as it applies to William Arnold Walcher, is an irrational classification in that it purports to make the offense of photographing the genitalia of a person under the age of 18 years a Class I felony, whereas consensual sex or actually engaging in sex with a person under 18 years under certain circumstances results in a lesser penalty than

that for taking a picture of a person under the age of 18 years."

The motion was denied.

At the ensuing bench trial, the parties introduced the following stipulation:

"In this particular case, there's a stipulation between the parties as far as the People's evidence is concerned is that in—as far as Count I, that [T.F.] was under the age of 18 years of age; that the defendant knew she was 16 in August of '86; and that the defendant took her pictures in Macon County, Illinois, at the time set forth in the information; and that said photographs are contained in People's Exhibits 6, 7, and 8. We have no objections to their receipt. As to Count II, it is stipulated between the parties that [H.E.] was under the age of 18 years; and that the defendant knew she was, in fact, 13 in November of 1986; he took photos of her in Macon County, Illinois; and said photos are contained in People's Exhibit No. 4. As to Count III, it is stipulated between the parties that [J.C.] was under the age of 18 years at the time alleged in the information; that the defendant knew she was, in fact, 16 when pictures were taken in November of 1986, in Macon County, Illinois; that said photographs are contained in People's Exhibit No. 1. As to Count IV, parties stipulate that on November 22, 1986, cannabis was seized pursuant to a search warrant from the defendant's residence; that he told Decatur Police Officer Rick Jones that he was, in fact, holding that cannabis for a friend; that Officer Clifford Kretsinger would testify he's trained in cannabis identification, that the substance seized was cannabis, and it weighed over a hundred grams."

The court subsequently found the defendant guilty with respect to each count of the information.

On March 2, 1987, the defendant was sentenced to concurrent terms of nine years' imprisonment on each count of child pornography and three years' imprisonment for unlawful possession of cannabis. A timely notice of appeal was filed on April 1, 1987.

The first argument raised by defendant on appeal is that the child pornography statute as applied to the photography of a child under the age of 18 violates due process because there is no rational basis for punishing such conduct as a Class 1 felony where actual sexual intercourse with a child under the age of 16 is punished as a Class A misdemeanor. As defendant points out in his brief, the child pornography statute punishes the photography of a child under the age of 18,

depicted in a pose involving the lewd exhibition of the genitals, as a Class 1 felony. (Ill. Rev. Stat. 1985, ch. 38, par. 11—20.1(a)(1)(vii).) Actual intercourse with a child under the age of 16 is punished as a Class A misdemeanor. (Ill. Rev. Stat. 1985, ch. 38, par. 12—15(b)(1).) Defendant argues that there is no rational basis for classifying the pornographic photography of a child as a Class 1 felony while punishing intercourse with a child as a Class A misdemeanor, and therefore, the child pornography statute violates due process of law. We disagree.

It is the general rule that the legislature, under the State's police power, has wide discretion to prescribe penalties for defined offenses. (*People v. Dixon* (1948), 400 Ill. 449, 81 N.E.2d 257.) Furthermore, it is well established that a statutory provision is presumed to be constitutional and valid and that all doubts or uncertainty about its validity must be resolved in favor of the validity of the statute if this can reasonably be done. (See *People v. Bales* (1985), 108 Ill. 2d 182, 188, 483 N.E.2d 517, 519-20; *People v. La Pointe* (1981), 88 Ill. 2d 482, 499, 431 N.E.2d 344, 352; *People v. Chitwood* (1986), 148 Ill. App. 3d 730, 736, 499 N.E.2d 992, 996-97.) It is also well established that the legislature has been empowered to declare and define conduct constituting a crime and to determine the nature and extent of punishment for it. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 500, 431 N.E.2d 344, 352; *People v. Larson* (1987), 158 Ill. App. 3d 135, 511 N.E.2d 191; *People v. Moorhead* (1984), 128 Ill. App. 3d 137, 143, 470 N.E.2d 531, 536.) This authority is limited by the due process requirement that the classification of a crime and the penalty provided be reasonably designed to remedy the evils which the legislature has determined to be a threat to public health, safety, and general welfare. (*People v. Steppan* (1985), 105 Ill. 2d 310, 319, 473 N.E.2d 1300, 1305; *People v. Larson* (1987), 158 Ill. App. 3d 135, 511 N.E.2d 191; *People v. Moorhead* (1984), 128 Ill. App. 3d 137, 143, 470 N.E.2d 531, 536-37.) The burden is on the party challenging the statute to clearly demonstrate its invalidity. See *People v. Bales* (1985), 108 Ill. 2d 182, 188, 483 N.E.2d 517, 519-20.

As the United States Supreme Court stated in *New York v. Ferber* (1982), 458 U.S. 747, 756-57, 73 L. Ed. 2d 1113, 1122, 102 S. Ct. 3348, 3354:

"It is evident beyond the need for elaboration that a State's interest in 'safeguarding the physical and psychological well-being of a minor' is 'compelling.' *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607, 73 L. Ed. 2d 248, 102 S. Ct. 2613 (1982)."

The United States Supreme Court also noted in *New York v. Ferber* (1982), 458 U.S. 747, 759, 73 L. Ed. 2d 1113, 1124, 102 S. Ct. 3348, 3355:

"The distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children ***."

Furthermore, as the United States Supreme Court noted in a footnote in *New York v. Ferber* (1982), 458 U.S. 747, 759 n.10, 73 L. Ed. 2d 1113, 1124 n.10, 102 S. Ct. 3348, 3355 n.10:

"10. As one authority has explained:
'[P]ornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography.' Shouvlin, Preventing the Sexual Exploitation of Children: A Model Act, 17 Wake Forest L. Rev. 535, 545 (1981)."

█ From a review of the law in this area, we conclude that the differences in treatment of defendants convicted of child pornography pursuant to section 11—20.1 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 11—20.1(a)(1)(vii)) and defendants convicted of criminal sexual abuse under section 12—15(b)(1) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 12—15(b)(1)) do not constitute a due process violation. The legislature fashioned the two statutes in question to remedy entirely separate and distinct conduct. Section 12—15(b)(1) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 12—15(b)(1)) is part of a comprehensive scheme for dealing with sexual offenses against all individuals, including children. This comprehensive scheme provides for different levels of the offense based on the apparent severity or dangerousness of the proscribed conduct. This scheme bears no direct relation to the conduct prohibited by the child pornography statute (Ill. Rev. Stat. 1985, ch. 38, par. 11—20.1), which is a distinct and singular provision aimed at the problem of dealing with sexually explicit photography or films involving children.

Thus, we are not faced with the situation which was present in *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029, the case principally relied upon by defendant. In *Bradley*, the Illinois Supreme Court struck down a provision of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)) which provided a greater penalty for simple possession of certain substances than was

provided for delivery of those substances. This provision was found to violate the expressly stated intention of the legislature to punish those who traffic in drugs more severely than those who merely possess them. No such stated legislative intent is involved in the instant case. Nor are the two offenses being compared in this case part of a comprehensive treatment of the same subject or problem. This case is readily distinguishable from and therefore not controlled by the Illinois Supreme Court's decision in *Bradley*.

Under the circumstances of the instant case, we do not believe that it is the proper function of this court to make its own determination or evaluation regarding the relative severity of the disparate offenses of child pornography and criminal sexual abuse. As the court stated in *People v. Moorhead* (1984), 128 Ill. App. 3d 137, 144, 470 N.E.2d 531, 537, "under the State's police power the legislature has wide discretion to prescribe penalties for defined offenses." In light of the serious national problem that child pornography has become (see *New York v. Ferber* (1982), 458 U.S. 747, 73 L. Ed. 2d 1113, 102 S. Ct. 3348), the relatively severe penalty prescribed by section 11—20.1(a)(1)(vii) of the Code constitutes an appropriate exercise of legislative discretion. This statute appears to have been reasonably designed to remedy an evil which the legislature determined to be a threat to the public health, safety, and general welfare, and we find no compelling reason to disturb this legislative enactment. (*People v. Steppan* (1985), 105 Ill. 2d 310, 473 N.E.2d 1300.) Defendant has failed to meet the heavy burden placed on those challenging a statute to clearly demonstrate the invalidity of the statute. (*People v. Bales* (1985), 108 Ill. 2d 182, 483 N.E.2d 517.) Consequently, we conclude that the first argument raised by defendant on appeal is without merit.

■ The second argument raised by defendant on appeal is that he was not proved guilty of child pornography beyond a reasonable doubt with respect to two of the three counts contained in the information because the pornographic photographs depicted mere nudity rather than lewd exhibition of the genitals, as required by the provision defendant was convicted under. (Ill. Rev. Stat. 1985, ch. 38, par. 11—20.1(a)(1)(vii).) We strongly disagree with his contention.

"Lewd" is defined as "[o]bscene, lustful, indecent, lascivious, lecherous." (Black's Law Dictionary 817 (5th ed. 1981).) "Exhibit" is defined as "[t]o show or display." (Black's Law Dictionary 514 (5th ed. 1981).) Pursuant to these definitions, and based upon our review of the photographs introduced into evidence, we conclude that defendant was clearly proved guilty of the offense beyond a reasonable doubt.

Defendant was charged with three counts of child pornography for photographing T.F. (count I), H.E. (count II), and J.C. (count III) in poses depicting a lewd exhibition of the genitals in violation of section 11–20.1(a)(1)(vii) of the Code. (Ill. Rev. Stat. 1985, ch. 38, par. 11–20.1(a)(1)(vii).) Defendant contends that the photographs of H.E. and J.C. did not constitute lewd exhibition of the genitals. We disagree.

As the State points out, with respect to H.E., who was 13 years old when the photographs were taken, 15 pictures were presented to the court. H.E.'s genitals were visible and depicted in six of these photographs. Her genitals are also visible through her underwear in one of these photographs. In several of the photographs H.E.'s genitals appear in the foreground of the picture and provide the central focus for the picture. In four of the photographs, H.E.'s legs are spread to allow a more clear view of her genitals and to focus attention more closely on that area. H.E. is in an obviously posed and intentionally seductive position in each of the photographs. The trial court found that these photographs focused on the genital area and were obviously for the purpose of emphasizing that portion of the anatomy. Examination of the photographs in question supports this finding and refutes any suggestion that mere nudity is depicted. H.E.'s genitals are exhibited, displayed, or shown by any reasonable definition of these terms. Moreover, the photographs were obviously intended to excite sexual desire. We conclude defendant's conviction based on these photographs was therefore proper.

As the State also points out, with respect to J.C., who was 16 years old when the photographs were taken, a total of 39 photographs were introduced into evidence. In all but six of these photographs, J.C.'s genital area is in the foreground of the pictures and is the central focus of them. Her genitals are visible through her diaphanous or opaque underwear in at least 25 of the pictures. In 12 of these pictures, J.C. is depicted as lowering her underwear to expose more of her genital area. In 25 of these pictures, J.C. has her legs spread apart to allow a better view of her genital area and to further focus attention on that area. In each of these photographs, J.C. is in an obviously posed position.

These photographs of J.C. fall within the prohibition of the statute. The central and primary focus of these photographs is to exhibit and emphasize J.C.'s genitals in an enticing manner. The photographs are staged and are not simply incidental pictures of partial nudity. J.C.'s genitals are exhibited or displayed in these photographs, *albeit* in a somewhat obscured manner. Consequently, we conclude that

defendant was proved guilty beyond a reasonable doubt of child pornography with respect to the photographs of J.C.

Defendant's reliance upon *People v. Gould* (1975), 60 Ill. 2d 159, 324 N.E.2d 412, and *People v. Lerch* (1985), 134 Ill. App. 3d 643, 480 N.E.2d 1253, is clearly misplaced. In both of these cases, the appellate courts affirmed a trial court's determination that the photographs in evidence depicted lewd exhibitions of the genitals. Defendant asks this court to compare the instant case with *Lerch* and *Gould* and conclude that the photographs in the instant case do not depict lewd exhibitions of the genitals. However, as the State points out, the fact that photographs in other cases may be more offensive or focus somewhat more clearly or closely on the genitals does not require reversal of defendant's conviction in this case. The fact remains that photographs of all three of the minor girls which depicted lewd exhibitions of the genitals were entered into evidence in this case. Consequently, we conclude that defendant was proved guilty beyond a reasonable doubt with respect to each of the three counts of child pornography.

■ Finally, defendant has alerted this court to the fact that the mittimus in this case erroneously indicates that defendant was sentenced to nine years' imprisonment for the offense of unlawful possession of cannabis. Defendant was charged with unlawful possession of more than 30 grams but not more than 500 grams of cannabis, which is a Class 4 felony. (Ill. Rev. Stat. 1985, ch. 56½, par. 704(d).) This offense is punishable by between one and three years' imprisonment. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(7).) Following the sentencing hearing, the trial court imposed a sentence of three years for the possession of cannabis conviction. The mittimus erroneously indicates a sentence of nine years for this offense. The State concedes that the mittimus is incorrect. Consequently, this cause must be remanded for the issuance of an amended mittimus.

For the reasons stated herein, defendant's convictions are hereby affirmed; however, the case is remanded to the circuit court for the issuance of an amended mittimus.

*Affirmed and cause remanded with directions.*

GREEN and LUND, JJ., concur.