(No. 85210

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT LAMBORN, Appellant.

*Opinion filed February 19, 1999—Rehearing denied March 29, 1999.*

RATHJE, J., took no part.
HEIPLE, J., dissenting.

Gary G. Johnson, of Bloomington, for appellant.

James E. Ryan, Attorney General, of Springfield (Barbara A. Preiner and Joel D. Bertocchi, Solicitors General, and William L. Browers and Russell K. Benton, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

The issue in this case is whether five photographs are "lewd" for purposes of the Illinois child pornography statute. 720 ILCS 5/11—20.1 (West 1996). We hold that two of the five photographs are lewd.

Following a bench trial in the circuit court of Woodford County, defendant, Robert Lamborn, was convicted

of two counts of producing child pornography. 720 ILCS 5/11—20.1(a)(1)(vii) (West 1996). Defendant was also convicted of three counts of possessing child pornography. 720 ILCS 5/11—20.1(a)(6) (West 1996). The trial court sentenced defendant to concurrent prison terms of 10 years for the two production counts and concurrent 3-year prison terms for the three possession counts. The trial court also fined defendant $2,000 for each production conviction, and $1,000 for each possession conviction. See 720 ILCS 5/11—20.1(c) (West 1996). The appellate court affirmed all defendant's convictions and sentences. No. 4—97—0723 (unpublished order under Supreme Court Rule 23). We allowed defendant's petition for leave to appeal. See 166 Ill. 2d R. 315. For the reasons set forth below, we affirm in part and reverse in part the judgment of the appellate court.

## FACTS

Two 13-year-old female victims, herein referred to as "Y" and "Z," went on a camping trip with defendant. The victims were friends, and Y knew defendant through his granddaughter. Defendant stipulated at trial that he knew that both Y and Z were under the age of 18; that he possessed the photographs at issue; and that he was the photographer of three of the photographs, Exhibit Nos. 2, 3, and 4. The State introduced as evidence the five photographs, which were taken on the camping trip.

Exhibit No. 1 depicts defendant standing in knee-high water completely naked, revealing a partial erection. Defendant is grabbing Z by the shoulder with his left arm, and the palm of his right hand is on the top of Z's head. Z is bending over slightly, and her right arm is extended around defendant's waist. Z is wearing a bikini swimsuit, but the bikini top is pulled down to her stomach, revealing her breasts.

In Exhibit No. 2, Y and Z are standing next to each other in knee-high water with one arm wrapped around

the other's shoulder. Y and Z are topless, holding their bikini tops at their sides with their free hands. Y and Z are wearing bikini bottoms.

Exhibit No. 3 depicts Z standing in knee-high water with her back to the camera and her hands on her hips. Z's bikini bottom is slightly pulled down, partially revealing her buttocks. Y is in the background, fully covered by her bikini.

In Exhibit No. 4, Z is standing in knee-high water with her back to the camera. Z's bikini bottom is slightly pulled down, partially revealing her buttocks. Y is crouched down in the water next to Z. Y is fully covered by her bikini.

Exhibit No. 5 depicts defendant standing in knee-high water, completely naked, revealing a partial erection. Defendant has his left arm draped across Y's back. Y's right arm is resting on defendant's right shoulder. Y's bikini top is pulled down to her stomach, revealing her breasts.

Defendant's two convictions for producing child pornography involve Exhibit Nos. 2, 3, and 4. These photographs do not include a depiction of defendant. Defendant's three convictions for possessing child pornography concern all five photographs.

## ANALYSIS

The United States Supreme Court recognized child pornography as "a category of material outside the protection of the First Amendment" in *New York v. Ferber*, 458 U.S. 747, 763, 73 L. Ed. 2d 1113, 1126, 102 S. Ct. 3348, 3358 (1982). The reason underlying this holding is that the crime of child pornography is an offense against the child and causes harm "to the physiological, emotional, and mental health" of the child. *Ferber*, 458 U.S. at 758, 73 L. Ed. 2d at 1123, 102 S. Ct. at 3355. These harms result from "the trespass against the dignity of the child." *United States v. Wiegand*, 812 F.2d

1239, 1245 (9th Cir. 1987), citing *Ferber*, 458 U.S. at 758, 73 L. Ed. 2d at 1123, 102 S. Ct. at 3355. "Human dignity is offended by the pornographer. American law does not protect all human dignity; legally, an adult can consent to its diminishment. When a child is made the target of the pornographer-photographer, the statute will not suffer the insult to the human spirit, that the child should be treated as a thing." *Wiegand*, 812 F.2d at 1245. Child pornography is particularly harmful because the child's actions are reduced to a recording which could haunt the child in future years, especially in light of the mass distribution system for child pornography. See *Ferber*, 458 U.S. at 759, 73 L. Ed. 2d at 1124, 102 S. Ct. at 3355-56.

Thus, in *Ferber*, the Court held that a state could, consistent with the first amendment to the United States Constitution, prohibit the dissemination of material which depicts children under the age of 16 engaged in sexual conduct, regardless of whether the depiction is legally "obscene." *Ferber*, 458 U.S. at 756, 73 L. Ed. 2d at 1122, 102 S. Ct. at 3354; see also *People v. Geever*, 122 Ill. 2d 313, 326-27 (1988) (holding that the State may, consistent with both the federal and Illinois constitutions, proscribe the knowing possession of child pornography in the home). The general obscenity standard enunciated in *Miller v. California*, 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607 (1973), therefore, does not govern the determination of whether material is child pornography. *Ferber*, 458 U.S. at 764, 73 L. Ed. 2d at 1127, 102 S. Ct. at 3358; *Geever*, 122 Ill. 2d at 323-25. To determine what constitutes child pornography: "A trier of fact need not find that the material appeals to the prurient interest of the average person; it is not required that sexual conduct portrayed be done so in a patently offensive manner; and the material at issue need not be considered as a whole." *Ferber*, 458 U.S. at 764, 73 L. Ed. 2d at 1127, 102 S. Ct. at 3358. Nevertheless, a state's right to regulate child

pornography is limited. The law must adequately define the prohibited conduct; the category of prohibited "sexual conduct" must be suitably limited and described; the offense must be limited to works that visually depict sexual conduct by children below a specified age; and an element of *scienter* on the part of the defendant must be a component of the offense. *Ferber*, 458 U.S. at 764-65, 73 L. Ed. 2d at 1127, 102 S. Ct. at 3358-59.

In accordance with the standards set forth in *Ferber*, a person commits the offense of child pornography in Illinois by photographing or possessing photographs of any child whom the person knows or reasonably should know to be under the age of 18 where such child is "depicted or portrayed in any pose, posture or setting involving a *lewd exhibition* of the unclothed genitals, pubic area, buttocks, or, if such person is female, a fully or partially developed breast of the child or other person." (Emphasis added.) 720 ILCS 5/11—20.1(a)(1)(vii), (a)(6) (West 1996). The meaning of the term "lewd exhibition" is a question of statutory construction which this court reviews *de novo*. See *Lucas v. Lakin*, 175 Ill. 2d 166, 171 (1997). Parenthetically, we agree with the dissent that, when reviewing the sufficiency of the evidence in a criminal case, the proper standard of review is whether, after·viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *People v. Collins*, 106 Ill. 2d 237, 261 (1985). Here, however, we are interpreting the meaning of the statutory term "lewd exhibition." See 720 ILCS 5/11—20.1(a)(1)(vii), (a)(6) (West 1996). We must review the photographs themselves and determine whether those photographs are lewd under the child pornography statute. We are not faced with reviewing the sufficiency of the evidence. Therefore, the *de novo* standard of review is the correct standard of review for this appeal.

In the present case, defendant argues that the five photographs depict mere nudity without lewdness and thus are not child pornography. Defendant asserts that if the subjects of the photographs were fully clothed, the photographs would be unremarkable. According to defendant, the photographs neither depict sexual activity nor focus on nudity. Rather, the photographs capture uninhibited adolescent spontaneity. We disagree with defendant as to Exhibit No. 1 and Exhibit No. 5 and hold that these two photographs are lewd under the child pornography statute. Both of the lewd photographs depict defendant posing completely naked in knee-high water, with his arm around a topless victim.

This court has not previously defined "lewd." Our appellate court in *People v. Walcher*, 162 Ill. App. 3d 455 (1987), defined "lewd" as " '[o]bscene, lustful, indecent, lascivious, lecherous.' " *Walcher*, 162 Ill. App. 3d at 460, quoting Black's Law Dictionary 817 (5th ed. 1981). The *Walcher* court held that certain photographs were lewd under the former Illinois child pornography statute, which prohibited the visual depiction of a minor in a pose involving a lewd exhibition of the genitals (see Ill. Rev. Stat. 1985, ch. 38, par. 11—20.1(a)(1)(vii)). *Walcher*, 162 Ill. App. 3d at 460-62. In finding the photographs lewd, the *Walcher* court reasoned that the central focus of the photographs was to exhibit and emphasize the genitals of young girls. *Walcher*, 162 Ill. App. 3d at 461. The photographs were "obviously intended to excite sexual desire" and were "not simply incidental pictures of partial nudity." *Walcher*, 162 Ill. App. 3d at 461.

Likewise, in *People v. Johnson*, 186 Ill. App. 3d 116, 121-22 (1989), the appellate court applied the *Walcher* court's definition of lewd in determining that photographs displaying the genitals of young girls and boys were lewd. The *Johnson* court noted that the photographs did not merely capture an "uninhibited moment of ado-

lescent spontaneity." *Johnson*, 186 Ill. App. 3d at 122. Rather, the children were staged in erotic poses that provided an unobstructed view of the subjects' genitals, buttocks, and breasts. *Johnson*, 186 Ill. App. 3d at 121-22.

Similarly, other courts have considered the following factors in assessing whether a visual depiction of a child constitutes the lascivious or lewd exhibition of the genitals: (1) whether the focal point of the visual depiction is on the child's genitals; (2) whether the setting of the visual depiction is sexually suggestive, *i.e.*, in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. See, *e.g.*, *United States v. Wolf*, 890 F.2d 241 (10th Cir. 1989); *United States v. Villard*, 885 F.2d 117 (3d Cir. 1989); *United States v. Rubio*, 834 F.2d 442 (5th Cir. 1987); *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987); *People v. Kongs*, 30 Cal. App. 4th 174, 37 Cal. Rptr. 2d 327 (1995); *State v. Gates*, 182 Ariz. 459, 897 P.2d 1345 (App. 1994); see also *People v. Hebel*, 174 Ill. App. 3d 1, 20-22 (1988) (applying these six factors in determining that a search warrant was supported by probable cause to believe photographs in the defendant's possession constituted evidence of child pornography), *overruled in part on other grounds, People v. Lawson*, 163 Ill. 2d 187 (1994). The visual depiction need not involve all of these factors to be considered lewd. *Villard*, 885 F.2d at 122; *Hebel*, 174 Ill. App. 3d at 20. Rather, the determination of whether the visual depiction is lewd

will involve an analysis of the overall content of the depiction, taking into account the age of the minor. *Villard,* 885 F.2d at 122; *Hebel,* 174 Ill. App. 3d at 20. This determination must therefore be made on a case-by-case basis.

### Exhibit Nos. 2, 3, and 4

Considering the overall content of Exhibit Nos. 2, 3, and 4 in light of the preceding discussion, we hold that these three photographs are not lewd. Exhibit No. 2 depicts the topless victims standing next to each other in knee-high water with one arm wrapped around the other's shoulder. The victims are holding their bikini tops at their sides with their free hands. This photograph merely displays two teenage girls revealing their breasts while swimming together. Although nothing in this photograph detracts the viewer's attention from the nudity, the photograph does not depict the victims in sexually suggestive poses, and the victims are not necessarily in inappropriate attire, considering their age. This photograph is best described as capturing an uninhibited moment of adolescent spontaneity, in which two teenage girls whimsically pull off their bikini tops while swimming together.

Likewise, although the buttocks of one of the victims are partially revealed in Exhibit Nos. 3 and 4, the focus of these photographs is not on the victim's buttocks. Exhibit Nos. 3 and 4 depict the two victims together in the water. In both photographs, one of the victims is fully covered by her bikini, and the other victim has her back to the camera with her bikini bottom pulled down, partially revealing her buttocks. The second victim, fully covered by her bikini, is also in both of the photographs, thereby detracting the viewer's attention from the nudity. The victims are also not in sexually suggestive poses. In fact, the victims are not in any pose. Rather, the victims are talking while standing in the water and appear to be cleaning sand out of their swimsuits. Exhibit

Nos. 3 and 4, therefore, merely reveal incidental pictures of partial nudity. Nudity without lewdness is not child pornography.

The State argues that we should consider that trial evidence indicated that it was defendant's idea for the victims to get undressed. The State also argues that we should consider the totality of the circumstances surrounding the taking of these photographs, *e.g.*, that defendant abused his position of supervision and trust over the victims by offering the victims cigarettes and alcohol while on the camping trip; and that the victims suffered severe emotional harm as a result of the photographs. It is the State's contention that we should apply a subjective standard in determining whether material is lewd for purposes of the child pornography statute. We disagree. Courts should apply an objective standard in determining whether material is child pornography. Accordingly, application of the sixth factor, *i.e.*, whether the visual depiction is intended or designed to elicit a sexual response in the viewer, refers to the *objective* viewer.

Thus, whether defendant was aroused by the photographs is irrelevant in determining whether the photographs are lewd. A determination that a photograph constitutes child pornography focuses on the photograph itself, not on the effect that the photograph has on an individual viewer. See *Villard*, 885 F.2d at 125. "Although it is tempting to judge the *actual* effect of the photographs on the viewer, we must focus instead on the *intended* effect on the viewer." (Emphasis in original.) *Villard*, 885 F.2d at 125. "Private fantasies" are not within the ambit of the child pornography statute. See *Villard*, 885 F.2d at 125; *Wiegand*, 812 F.2d at 1245. Therefore, pictures of nude children do not necessarily become child pornography when they reach the hands of a pedophile. See *Villard*, 885 F.2d at 125; *Wiegand*, 812 F.2d at 1245. Accordingly, a defendant's intent does not create a lewd

exhibition out of the otherwise innocent activity of children. See *Gates*, 182 Ariz. at 463, 897 P.2d at 1349.

From an objective viewpoint, Exhibit Nos. 2, 3, and 4 cannot be deemed to be intended or designed to elicit a sexual response in the viewer. These photographs depict the incidental nudity of two teenage girls who are swimming together in a river. The photographs show the teenagers engaged in nonsexual conduct that is not necessarily abnormal for the age and activity being photographed. Although we abhor defendant's exploitation of the victims in this case, an objective review of Exhibit Nos. 2, 3, and 4 reveals that these photographs are not lewd for purposes of the child pornography statute.

Exhibit Nos. 1 and 5

Considering the overall content of Exhibit Nos. 1 and 5, we hold that these two photographs are lewd. Both of the photographs depict defendant standing completely naked in knee-high water with his arm around a topless victim. The focus of the photographs is on the nudity contained therein. Although the pictures also reveal the river and background trees, defendant and the victims are posed directly in front of the camera. Nothing in the photographs detracts from the view of the victims' breasts and defendant's genitals.

These photographs are not simply incidental pictures of partial nudity. The photographs reveal that defendant and the victims did not accidentally or suddenly lose their clothes. Defendant is completely naked, and his clothes are nowhere in sight. The tops of the victims' bikinis are deliberately pulled down to the bottom of their stomachs so as to reveal their breasts.

Further, the victims are depicted in an unnatural pose and in inappropriate attire. The topless 13-year-old victims are standing next to the completely naked 61-year-old defendant. In both photographs, defendant has a partial erection and is holding the victims in such a

way as to draw them closer to him. In Exhibit No. 1, defendant is grabbing the victim by the shoulder with his left arm, and the palm of his right hand is on the top of the victim's head. Defendant appears to be pushing the victim downward. In Exhibit No. 5, defendant's left arm is draped across the victim's back, and his left hand is resting below the victim's breast. The bikini tops of both of the victims are pulled down to their stomachs, thereby exposing their breasts to the camera. These photographs certainly do not capture uninhibited adolescent spontaneity. The photographs depict the victims in poses involving a lewd exhibition of defendant's unclothed penis and of the victims' unclothed partially developed breasts. Defendant, therefore, possessed photographs that are lewd under our child pornography statute.

The dissent contends that our holding that Exhibit No. 2 is not lewd conflicts with our holding that Exhibit Nos. 1 and 5 are lewd. The dissent's rationale is flawed. First, the dissent states that there is no material difference between the depiction of the victims in Exhibit No. 2 and the depiction of the victims in Exhibit Nos. 1 and 5, which we find to constitute child pornography. In support, the dissent reasons merely that the victims are topless in all three of these photographs. A proper determination of whether a photograph is lewd, however, requires a review of the overall content of the photograph. As we discussed in detail above, the overall content of the photographs demonstrates that Exhibit No. 2 is not lewd under our child pornography statute, and that Exhibit Nos. 1 and 5 are lewd.

Next, the dissent claims that we erroneously rely upon the fact that Exhibit Nos. 1 and 5 involve a lewd exhibition of *defendant's* unclothed penis, and of the victims' unclothed breasts. The dissent asserts that an adult's nudity is not covered by the child pornography statute. This statement is not correct to the extent that

it finds defendant's nudity in the photographs to be irrelevant. Certainly, Exhibit Nos. 1 and 5 would not constitute child pornography if they did not contain a child. Exhibit Nos. 1 and 5, however, each contain a depiction of a young victim baring her unclothed breasts. In addition, Exhibit Nos. 1 and 5 depict the defendant, totally nude, revealing his unclothed genitals, and with his arm around a topless victim. Defendant's presence in the photographs is a factor that supports our holding that Exhibit Nos. 1 and 5 are lewd.

Finally, the dissent questions our holding that Exhibit No. 2 is not lewd, given that we note our abhorrence with defendant's exploitation of the victims. As we previously stated, though, courts must apply an objective standard of review in determining whether material constitutes child pornography. Application of this objective standard requires us to focus on the photograph itself, and not on the circumstances surrounding the taking of the photograph, at which our comment is directed.

## CONCLUSION

Exhibit Nos. 2, 3, and 4 are not lewd under our child pornography statute. Accordingly, we reverse defendant's convictions and vacate his sentences and fines on counts II and V for producing child pornography. We also reverse defendant's conviction and vacate his sentence and fine on count VI for possessing child pornography. Exhibit Nos. 1 and 5, however, are lewd under our child pornography statute. We therefore affirm defendant's convictions on counts III and IV for possessing child pornography. Defendant's concurrent three-year prison terms and fines for these two possession counts are affirmed. The judgment of the appellate court is affirmed in part and reversed in part.

*Affirmed in part;*
*reversed in part;*
*sentences vacated in part.*

JUSTICE RATHJE took no part in the consideration or decision of this case.

JUSTICE HEIPLE, dissenting:

Defendant was convicted of two counts of producing child pornography (720 ILCS 5/11—20.1(a)(1)(vii) (West 1996)) and three counts of possessing it (720 ILCS 5/11—20.1(a)(6) (West 1996)) on the basis of five Polaroid photographs he took of two 13-year-old girls at a campsite near the Mackinaw River. The trial court sentenced defendant to concurrent prison terms of 10 years for the two production counts and 3 years for the possession counts.

Curiously, the prosecutor separated the five photographs into the two separate categories of production and possession for purposes of prosecution. The production charges were directed at the two Polaroid photos he personally took with the camera. The three possession charges were directed at the Polaroid photos in which he posed with one of the girls while the other girl snapped the picture. In truth, he could as well have been charged with both possession and production as to all of the photographs since this episode was a single frolic while two 13-year-old girls were in his custody.

The majority, applying a *de novo* standard of review, affirms defendant's convictions for possession of child pornography, but reverses his convictions for production of child pornography based solely on its own belief that the three photographs which form the basis for his production convictions are not "lewd" under the child pornography statute. A *de novo* standard of review, however, is inappropriate when reviewing the sufficiency of the evidence in a child pornography case. Moreover, one of the photographs in this case, State's Exhibit No. 2, could be deemed sufficient to support at least one of defendant's convictions for production of child pornography. Therefore, I respectfully dissent.

The majority is undoubtedly correct that this court will review questions of statutory construction, such as the meaning of the term "lewd exhibition" in the child pornography statute, under a *de novo* standard of review. 185 Ill. 2d at 590. The *de novo* standard of review, however, is completely inappropriate when this court reviews the sufficiency of the evidence in a child pornography case. No statute has been cited which requires interpretation by this court. Once the trier of fact makes a factual determination that the photographs in question depict the victims in poses which focus on their breasts and buttocks and are obviously intended to excite sexual desire, this court has no authority to substitute its own judgment for that of the trier of fact.[1] See *People v. Harre*, 155 Ill. 2d 392, 398 (1993). Rather, this court, as a court

---

[1]This court has applied a *de novo* standard of review when determining whether materials are obscene under the test established by the United States Supreme Court in *Miller v. California*, 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607 (1973). See *City of Chicago v. Kimmel*, 31 Ill. 2d 202, 207-08 (1964); *City of Chicago v. Universal Publishing & Distributing Co.*, 34 Ill. 2d 250, 252 (1966); *City of Chicago v. Geraci*, 46 Ill. 2d 576, 578 (1970). This standard of review is inappropriate in this case for two reasons. First, the *Miller* obscenity standard does not apply to child pornography. *People v. Geever*, 122 Ill. 2d 313, 320 (1988). Child pornography cases do not require a determination whether the work in question, taken as a whole, has serious literary, artistic, political or scientific value. *Geever*, 122 Ill. 2d at 320. Second, this case does not involve an issue of constitutional interpretation. Defendant does not allege that the photographs he produced and possessed are constitutionally protected. A *de novo* standard of review was appropriate in the obscenity cases because the defendants argued the materials they possessed were protected under the first amendment, and this court had to make "an independent *constitutional* judgment as to whether the publications in issue are obscene or constitutionally protected." (Emphasis added.) *Geraci*, 46 Ill. 2d at 578. This case, by contrast, begins and ends with a far more pedestrian inquiry: Are the photographs in question sexually suggestive? There is no constitutional question inherent in such an inquiry.

of review, must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Digirolamo*, 179 Ill. 2d 24, 43 (1997).

When the correct standard of review is applied, State's Exhibit No. 2 is more than sufficient to support one of defendant's convictions for production of child pornography. State's Exhibit No. 2 does not depict the victims swimming or frolicking in the river, as the majority fancifully suggests. The topless 13-year-old children are posed, standing arm in arm and smiling coyly at the camera as they dangle the tops of their bikinis from their hands. The photograph depicts the victims performing a striptease, and the sexual content of the photograph is obvious. The majority's statement that it finds nothing "necessarily abnormal" about this "whimsical [ ]," "uninhibited moment of adolescent spontaneity" is inexplicable. How can the majority justify its holding when it also proclaims, "[W]e abhor defendant's exploitation of the victims in this case"? 185 Ill. 2d at 593, 595.

Moreover, there is no material difference between the depiction of the victims in State's Exhibit No. 2 and State's Exhibit Nos. 1 and 5, which the majority agrees constitute child pornography. Thus, the majority's assertion that the victims are "not necessarily in inappropriate attire" in State's Exhibit No. 2 is self-contradictory. The victims are wearing exactly the same attire in State's Exhibit Nos. 1 and 5 as in State's Exhibit No. 2. In all three photographs, the victims are wearing bikinis and have removed their bikini tops to reveal their breasts. The only difference between State's Exhibit No. 2 and State's Exhibit Nos. 1 and 5 is that the victims are posed *together rather than* with defendant. While the presence of the nude defendant in State's Exhibit Nos. 1 and 5 is

an obvious indicator that those photographs are "intended to excite sexual desire," his absence from the photograph in State's Exhibit No. 2 does not alter the comparable depiction of the children, nor does it somehow strip State's Exhibit No. 2 of its sexual content.[2]

It has been said that bad cases make bad law. This is just such a case. What the court is really choking on here is the 10-year sentence meted out to this defendant on the production of child pornography charge. The range of sentences for this conviction is 4 to 15 years. 720 ILCS 5/11—20.1(c) (West 1996); 730 ILCS 5/5—8—1(a)(4) (West 1996). The range of sentences for the possession charge at the time of defendant's sentencing was one to three years.[3] 720 ILCS 5/11—20.1(c) (West 1996); 730 ILCS 5/5—8—1(a)(7) (West 1996). Defendant received a three-year sentence on that charge, which the majority is willing to affirm.

Parenthetically, a reasonable person would likely conclude that production of child pornography as defined in the statute is aimed most strongly at the person who is producing child pornography for purposes of distribution and use that is broader than the mere posing and snapping of a picture which the defendant did in this case. Hence, the shock to the majority of a 10-year

---

[2]The majority emphasizes that State's Exhibit Nos. 1 and 5 "involv[e] a lewd exhibition of *defendant's* unclothed penis and of the victims' unclothed partially developed breasts." (Emphasis added.) 185 Ill. 2d at 596. Defendant, however, is an adult, not a child, and his nudity is not covered by the child pornography statute.

[3]After defendant's sentencing, the General Assembly increased possession of child pornography from a Class 4 felony to a Class 3 felony. See Pub. Act 90—68, § 2, eff. July 8, 1997, codified at 720 ILCS 5/11—20.1(c). The range of sentences for possession of child pornography is now to two to five years. 730 ILCS 5/5—8—1(a)(6) (West 1996).

602

sentence where the permissible range of sentences is 4 to 15 years is understandable.

Yet, instead of opting to merely reduce the sentence, the majority opts to overthrow the accepted standard of review and erroneously asserts an improper *de novo* standard. This approach, which overthrows the accepted and long-standing standard of review, creates a new and unfortunate standard simply to reach a desired result. This is a clear example of result-oriented decisionmaking which is improper and has long been rightfully condemned. The majority opinion thus distorts the law and clearly implies that the personal predilections of the individual members of this court, not reason and precedent, guide this court's decisionmaking.

Shocked at the lengthy sentence, the only correct and intellectually honest approach for the majority would have been to reduce the 10-year sentence, an approach that is legally acceptable and within the province of this court under Supreme Court Rule 615(b)(4). See *People v. O'Neal*, 125 Ill. 2d 291, 298 (1988). For the reasons given, I respectfully dissent.