# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class KEVIN L. WEST**
**United States Army, Appellant**

ARMY 20160586

Headquarters, Fort Stewart
John S. Irgens, Military Judge
Colonel Luis O. Rodriguez, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Christopher D. Carrier, JA; Captain Katherine L. DePaul, JA (on brief); Lieutenant Colonel Tiffany M. Chapman, JA; Major Brendan R. Cronin, JA; Captain Benjamin A. Accinelli, JA (on reply brief).

For Appellee:  Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Austin L. Fenwick, JA; Captain KJ Harris, JA (on brief).

16 April 2018

-----------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
-----------------------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of sexual abuse of a child, two specifications of receiving child pornography, and one specification of enticing the creation of child pornography, in violation of Articles 120b and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920b, 934 (2012 & Supp. I 2014).  The military judge sentenced appellant to a dishonorable discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant assigned one error in the acceptance of his guilty plea.  After considering all matters raised by appellant, we concluded his claim did not warrant relief.  Accordingly, we affirmed the findings of guilty and sentence in this case. *United States v. West*, ARMY 20160586 (Army Ct. Crim. App. 31 Jan. 2018) (unpublished).

On 1 February 2018, appellant requested reconsideration to afford the court the opportunity to consider fully his reply brief, which was filed in accordance with our court rules. On 2 February 2018, we granted appellant's request for reconsideration. In this opinion, we reconsider whether the second charged image in Specification 2 of Charge II is child pornography. We conclude that it is not and provide relief in our decretal paragraph. The other matters raised by appellant are without merit.

## BACKGROUND

Appellant, a thirty-three-year-old hematology lab technician, met Miss AB,[1] a fifteen-year-old Red Cross volunteer, while they were both working at the Winn Community Hospital at Fort Stewart, Georgia. Miss AB and appellant became Facebook friends and begin communicating through messaging and emailing each other. Appellant admits he flirted with Miss AB and had sexual desires toward her. As they continued communicating, appellant asked Miss AB to send him nude photographs and discussed sexual acts he wanted to engage in with her. Miss AB complied with his request and sent appellant digital images of herself as well as a video.[2]

While in the hematology lab, appellant asked Miss AB assist him in the supply closet where he touched her on her buttocks. On another occasion, appellant picked Miss AB up in his car, drove to a parking lot and kissed her.

When Miss AB's guardian discovered her on the telephone late one night talking to appellant, her guardian took the telephone and computer and turned them both into the Army Criminal Investigation Command.

## LAW AND DISCUSSION

At issue is an image Miss AB sent to appellant that depicts her nude from mid-thigh to her head in front of a mirror in a bathroom. There is nothing about the look on Miss AB's face that displays coyness or suggests sexual desire.

---

[1] Appellant acknowledged during the providence inquiry and the stipulation of fact that he knew Miss AB was younger than sixteen years old.

[2] Although Miss AB sent a series of images to appellant, he was not charged for all of the images. The uncharged images, however, were admitted as part of the stipulation of fact as evidence in aggravation. We need not address the entire series of images. We only consider the four digital images and one digital video with which appellant was charged. In some of the images, Miss AB's face is not shown, but appellant acknowledges the images are of Miss AB.

2

Applying the factors enumerated in *United States v. Dost*, 636 F.Supp. 828, 832 (S.D. Cal. 1986), and considering the totality of the circumstances, we find the image described above does not constitute child pornography. Although appellant admitted he was sexually aroused by the image, his subjective response to the image, without more, does not change the objective factors defining child pornography. *See United States v. Villard*, 885 F.2d 117, 125 (3d Cir. 1989); *State v. Myers*, 256 P.3d 13, 21 (N.M. 2011); *People v. Lambron*, 708 N.E.2d 350, 355 (Ill. 1999). Therefore, although a depiction of the victim while nude, the image is not a lascivious exhibition of her genitals or pubic area.

The image described could be referred to as "child erotica," which is defined as "material that depicts 'young girls [or boys] as sexual objects or in a sexually suggestive way,' but is not 'sufficiently lascivious to meet the legal definition of sexually explicit conduct' under 18 U.S.C. § 2256." *United States v. Vosburgh*, 602 F.3d 512, 520 n.7 (3d Cir. 2010) (citing *United States v. Gourde*, 440 F.3d 1065, 1068 (9th Cir.2006) (en banc), for its description of "child erotica" as "images that are not themselves child pornography but still fuel . . . sexual fantasies involving children"). *See also United States v. Williams*, 592 F.3d 511, 515 (4th Cir. 2010); *United States v. Garlick*, 61 M.J. 346 (C.A.A.F. 2005). Possession of mere "child erotica" does not violate federal law. While we do not decide whether possession of "child erotica" can ever violate clauses 1 and 2, Article 134, UCMJ, in this case appellant was not advised that his plea encompassed possession of such materials. Therefore, he cannot be found guilty of any offense relating to child erotica. *See United States v. Medina*, 66 M.J. 21, 28 (C.A.A.F. 2008) ("An accused must know to what offenses he is pleading guilty.").

## CONCLUSION

After consideration of the entire record of trial, the court AFFIRMS only so much of the finding of guilty of Specification 2 of Charge II as finds that appellant did, at or near Fort Stewart, Georgia, on or about 7 October 2014, knowingly and wrongfully receive child pornography to wit: one digital image of a minor engaging in sexually explicit conduct, and that said conduct was of a nature to bring discredit upon the armed forces. The portion of Specification 2 of Charge II regarding the image of Miss AB standing nude in a bathroom[3] is SET ASIDE and is DISMISSED.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), and

---

[3] This image, titled 10715707_1488672344740810_965085713_n.jpg, is described in Pros. Ex. 1, ¶ 18.b., and a copy of which is included in Pros. Ex. 1, enclosure 4.

WEST—ARMY 20160586

*United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape that might cause us pause in reassessing appellant's sentence, as the dismissal of one image from Specification 2 of Charge II does not alter the allowable punishment. Second, we note appellant was sentenced by a military judge alone. Third, we find the remaining offenses capture the gravamen of appellant's criminal conduct. Fourth and finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

After reassessing the sentence and the entire record, we AFFIRM the approved sentence. We find this purges the error in accordance with *Sales* and *Winckelmann*, and is also appropriate under Article 66(c), UCMJ. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court