# Illinois Official Reports

## Appellate Court

---

### *People v. Van Syckle*, 2019 IL App (1st) 181410

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RAYMOND VAN SYCKLE, Defendant-Appellee. |
| District & No. | First District, Fourth Division<br>No. 1-18-1410 |
| Filed | September 12, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-CR-975; the Hon. Kerry M. Kennedy, Judge, presiding |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, Veronica Calderon Malavia, and Mary L. Boland, Assistant State's Attorneys, of counsel), for the People.<br><br>David P. Sterba, of Walsh, Fewkes & Sterba, of Palos Heights, and James G. Vanzant and Andrew D. Finke, of Blaine & Vanzant, LLP, of Evanston, for appellee. |
| Panel | JUSTICE REYES delivered the judgment of the court, with opinion.<br>Presiding Justice Gordon and Justice Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1         Defendant, Raymond Van Syckle, was charged by indictment with four counts of child pornography in violation of section 11-20.1 of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/11-20.1 (West 2014)) and one count of unauthorized video recording in violation of section 26-4(a) of the Criminal Code (720 ILCS 5/26-4(a) (West 2014)). Defendant filed a motion to dismiss the indictment, arguing that the two images relied on by the State to support the child pornography charges did not qualify as "lewd" under the statute. The State voluntarily withdrew one of the images from consideration but maintained that the second image was lewd. The circuit court of Cook County ruled in defendant's favor and granted the motion to dismiss the indictment in regard to the four child pornography counts, finding the image was not lewd under the child pornography statute. Count V of the indictment remained. The State now appeals the dismissal of counts I through IV. For the reasons that follow, we reverse the judgment of the circuit court and remand for further proceedings.

¶ 2                                                BACKGROUND

¶ 3         Defendant was indicted on two counts of creating child pornography in violation of section 11-20.1(a)(1)(vii) of the Criminal Code (counts I and II) (720 ILCS 5/11-20.1(a)(1)(vii) (West 2014)), two counts of possessing child pornography in violation of section 11-20.1(a)(6) of the Criminal Code (counts III and IV) (720 ILCS 5/11-20.1(a)(6) (West 2014)), and one count of unauthorized video recording in violation of section 26-4(a) of the Criminal Code (count V) (720 ILCS 5/26-4(a) (West 2014)). This indictment stems from the allegations that on October 30, 2015, defendant, a pool equipment manager at Richards High School in Oak Lawn, Illinois, surreptitiously videotaped J.A., a 14-year-old student he knew was a minor, while she was changing out of her swimming suit inside the school locker room.

¶ 4         Defendant filed a motion to dismiss counts I through IV of the indictment arguing the two images used by the State to support the child pornography charges did not qualify as "lewd exhibition" under the statute. The two images consisted of thumbnails retrieved from a deleted video in defendant's cell phone; however, only one image is at issue on appeal. That image depicts J.A. in the process of changing her clothing while inside a locker room. J.A. is wearing a sports bra and her bare buttocks are exposed. She is bent over at the waist. J.A.'s body is at such an angle that three-quarters of her buttocks are exposed and are in the foreground of the image.

¶ 5         Defendant argued this image of J.A. changing her clothes in the locker room is the type of "incidental nudity" that courts have found to not be lewd within the meaning of the statute and did not meet the six-factor test set forth by our supreme court in *People v. Lamborn*, 185 Ill. 2d 585, 592 (1999). The State disagreed, maintaining that the decisive factor, whether the visual depiction is intended or designed to elicit a sexual response in a viewer, weighed in favor of finding the image lewd. Relying on *People v. Sven*, 365 Ill. App. 3d 226, 239 (2006), the State argued this was because the perspective of the image was taken from a sexualized or deviant point of view, that of a voyeur.

¶ 6         After hearing argument on the motion, the trial court took the matter under advisement. Thereafter, the trial court granted defendant's motion as to all four counts but did not issue a basis for its ruling. The State then filed a motion to reconsider in which it reasserted the same arguments regarding the lewdness factors. The trial court denied the motion, stating, "I'm

going to deny that based on the fact that the two photos that I was given I do not consider as being lewd. I don't think they meet the case law standards ***." This appeal followed.

¶ 7                                                    ANALYSIS

¶ 8        On appeal, the State raises two arguments as to why the trial court's dismissal of counts I through IV of the indictment must be reversed: (1) the trial court lacked authority to dismiss the indictment and (2) the alleged child pornography was lewd as a matter of law.

¶ 9        We first address the State's argument that the trial court lacked authority to render a pretrial determination regarding whether the image was lewd. The State maintains that while the trial court does have the authority to dismiss an indictment for failure to state a charge or to prevent a miscarriage of justice, the trial court here lacked the authority to make the determination that the image was not lewd.

¶ 10        In response, defendant contends the State forfeited this argument because it was not raised before the trial court. Defendant urges this court to further conclude that the State's new argument goes beyond mere forfeiture and is actually invited error. In support, defendant relies on *People v. Harvey*, 211 Ill. 2d 368, 385 (2004). In *Harvey*, our supreme court discussed the distinction between a defendant's failure to bring an error to the attention of the trial court and a defendant's active participation in the direction of the proceedings that cause the error. Our supreme court explained that while forfeiture involves "a defendant's failure to object at trial and to raise the issue in a post-trial motion," under the doctrine of invited error "an accused may not request to proceed in one manner and then later contend on appeal that the course of action was in error." *Id.*

¶ 11        While the State did not raise the issue of whether the trial court had the authority to consider the lewdness of the image before the trial court itself, we observe that forfeiture is an admonishment to the parties and not a limitation on this court. See *People v. Gawlak*, 2019 IL 123182, ¶ 26. We further conclude that the State's failure to raise this issue does not qualify as invited error as defendant suggests. The rationale for the invited error rule is that it would be manifestly unfair to grant a party relief based on error introduced into the proceedings by that party. *In re Detention of Swope*, 213 Ill. 2d 210, 217 (2004). Here, the State did not introduce the error. The issue of lewdness was first raised by defendant in his motion to dismiss and the State then responded to that argument. Moreover, whether the trial court had authority to make such a determination is a threshold issue; for without the trial court having authority, we cannot review whether the image qualifies as lewd under the statute. We will, therefore, review the merits of the State's argument and find no forfeiture.

¶ 12        Turning to the merits, the State maintains that the trial court did not have the authority to dismiss the counts of the indictment pertaining to child pornography because the counts alleged an offense. The State further asserts that the failure to dismiss the counts would not affect a deprivation of due process or result in a miscarriage of justice. We disagree with the State's strict construction of the Code of Criminal Procedure of 1963 (725 ILCS 5/101-1 *et seq.* (West 2014)) as it relates to a charge under the child pornography statute.

¶ 13        Section 114-1(a) of the Code of Criminal Procedure of 1963 sets forth 11 separate grounds upon which a trial court may dismiss a charge. The legislature intended this section as a comprehensive list of sufficient reasons for dismissing a charge. 725 ILCS 5/114-1(a) (West 2014). In considering a trial court's ultimate ruling on a motion to dismiss charges, a reviewing court generally proceeds under an abuse of discretion standard. *People v. Stapinski*, 2015 IL

118278, ¶ 35. Where, however, the issues present purely legal questions, the standard of review is *de novo*. *Id.*

¶ 14 The purpose of a motion to dismiss for failure to state an offense is to challenge the sufficiency of the allegations in the charging instrument, not the sufficiency of the evidence. *People v. Sparks*, 221 Ill. App. 3d 546, 548-49 (1991) (finding indictment was properly dismissed for failure to state an offense). Typically,

> "[a]n appeal from such a ruling requires the reviewing court to determine whether the complaint complies with the statutory requirements that a charge be in writing, that it set forth the nature and elements of the offense, and that it allege the provision violated, the name of the accused, and the date and county of commission." *People v. Sheehan*, 168 Ill. 2d 298, 303 (1995).

¶ 15 However, where child pornography charges have been raised against a defendant, the trial court does have the authority to consider whether a reasonable trier of fact *could* find that the material charged in the indictment constituted a "lewd exhibition." As explained by our supreme court in *Lamborn*, 185 Ill. 2d at 590, the examination of this issue is not one of the evidence *per se* but an objective analysis of the image itself. Moreover, whether an image is lewd is one that this court reviews as a legal question and not as one of fact. See *id.* Therefore, when a defendant challenges the sufficiency of a child pornography indictment, it necessarily follows that the trial court may review the alleged child pornography as a matter of law to determine if a reasonable trier of fact could conclude that the image meets the statutory requirements. Accordingly, we now turn to consider this issue at bar, *i.e.*, whether a reasonable trier of fact could find that the material at issue here is lewd.

¶ 16 The purpose of the child pornography statute is to prevent the sexual abuse and exploitation of children. *People v. Hollins*, 2012 IL 112754, ¶ 18; *People v. Geever*, 122 Ill. 2d 313, 326 (1988). Our supreme court, citing the United States Supreme Court's decision in *New York v. Ferber*, 458 U.S. 747, 756-59 (1982), has observed that child pornography is intrinsically related to child sexual abuse and the states have a compelling interest in safeguarding the physical and psychological health of children. *People v. Alexander*, 204 Ill. 2d 472, 477 (2003). "[C]hild pornography is an offense against the child and causes harm 'to the physiological, emotional, and mental health' of the child." *Lamborn*, 185 Ill. 2d at 588 (quoting *Ferber*, 458 U.S. at 758). "Child pornography is particularly harmful because the child's actions are reduced to a recording which could haunt the child in future years, especially in light of the mass distribution system for child pornography." *Id.* at 589 (citing *Ferber*, 458 U.S. at 759).

¶ 17 Defendant here was charged with two counts of creating child pornography and two counts of possessing child pornography. The sections of the child pornography statute under which defendant was charged provides:

> "A person commits child pornography who:
>
> (1) films, videotapes, photographs, or otherwise depicts or portrays by means of any similar visual medium or reproduction or depicts by computer any child whom he or she knows or reasonably should know to be under the age of 18 *** where such child *** is:
>
> * * *
>
> (vii) depicted or portrayed in any pose, posture or setting involving a lewd exhibition of the unclothed or transparently clothed genitals, pubic area, buttocks,

- 4 -

or, if such person is female, a fully or partially developed breast of the child ***; or

* * *

(6) with knowledge of the nature or content thereof, possesses any film, videotape, photograph or other similar visual reproduction or depiction by computer of any child *** whom the person knows or reasonably should know to be under the age of 18 *** engaged in any activity described in subparagraphs (i) through (vii) of paragraph (1) of this subsection[.]" 720 ILCS 5/11-20.1(a)(1)(vii), (a)(6) (West 2014).

While the child pornography statute uses the term "lewd exhibition," this term, however, is not expressly defined in the statute. See *id.*

¶ 18    In *Lamborn*, our supreme court was faced with construing the term "lewd exhibition" as it appeared in the child pornography statute. *Lamborn*, 185 Ill. 2d at 591. *Lamborn* involved five Polaroid photographs taken by the defendant while he and two teenage girls were on a camping trip. *Id.* at 587-88. The photographs depicted the girls outdoors swimming topless in a river or posing for the camera while partially nude. *Id.* The *Lamborn* court found that three of the images, which featured the girls pulling off their bikini tops while swimming together in a river, captured "an uninhibited moment of adolescent spontaneity," and thus the photographs were not deemed to be lewd. *Id.* at 593. The other two photographs, which depicted the girls topless with the nude defendant's arms draped around them, were considered to be lewd. *Id.* at 595. Specifically, these images were "not simply incidental pictures of partial nudity," but were designed to elicit a sexual response in the viewer. *Id.*

¶ 19    To determine whether an image was lewd, the court employed a nonexclusive, six-factor test:

"(1) whether the focal point of the visual depiction is on the child's genitals; (2) whether the setting of the visual depiction is sexually suggestive, *i.e.*, in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer." *Id.* at 592.

The *Lamborn* court noted that an image need not involve all of these factors to be considered lewd; instead, the determination of whether the image is lewd will involve an analysis of the overall content of the image, taking into account the age of the minor. *Id.* at 592-93. The *Lamborn* court stressed that the courts should apply an "objective standard" in determining whether the material is child pornography and focus on whether the visual depiction is intended or designed to elicit a sexual response in an objective viewer. *Id.* at 594.

¶ 20    Almost 20 years later, the appellate court in *Sven*, 365 Ill. App. 3d at 229, had the opportunity to elaborate upon the sixth *Lamborn* factor, the factor primarily at issue in this case. There, the alleged child pornography consisted of a videotape of a nude 14- or 15-year-old girl who was surreptitiously filmed while bathing an infant in a bathtub. The *Sven* court stressed that "the image must be judged on its own terms" and thus "a defendant's subjective intentions are irrelevant." *Id.* at 234. Accordingly, "the inquiry is necessarily limited to what the image itself says about itself. Put differently, only the characteristics of the image are relevant to determining whether it was created to evoke a sexual response in the [objective]

viewer." *Id.* The court dissuaded judgment of the image from the perspective of the "average, ordinary person" as "[t]he average person's reaction [to the image], like the subjective reaction of an individual pedophile, is something external to the image itself." *Id.*

¶ 21    The *Sven* court questioned why the reaction of an ordinary person is relevant to whether an image is child pornography stating, "It would seem that child pornography would not elicit a sexual response in an ordinary person, as an ordinary person is not a pedophile." *Id.* at 235. The court observed that the United States Supreme Court in *Mishkin v. New York*, 383 U.S. 502, 508 (1966), addressed the "ordinary person" standard in the context of the obscenity law. There, the Court explained that, "Where the material is designed for and primarily disseminated to a clearly defined deviant sexual group, rather than the public at large, the prurient-appeal requirement of the *Roth* test [(*Roth v. United States*, 354 U.S. 476 (1957))] is satisfied if the dominant theme of the material taken as a whole appeals to the prurient interest in sex of the members of that group." *Id.* Based on this language, the *Sven* court stated that it thus

> "cannot be that the sixth factor of the [*Lamborn*] test requires a finding that an image would elicit a sexual response in an ordinary person in order for that factor to support a finding that an image constitutes child pornography. As the Supreme Court recognized in the context of obscenity, such a standard makes no sense. Ordinary people are not sexually stimulated by child pornography." *Sven*, 365 Ill. App. 3d at 235-36.

¶ 22    Viewing, however, the image from the eyes of the "ordinary pedophile" is also problematic. The *Sven* court concluded that, in the context of the sixth *Lamborn* factor, "the question is whether the characteristics of the image invite the viewer to see the image from a particular perspective." *Id.* at 236. The court defined this perspective as a "point of view," which "refers to both the physical-spatial orientation of the viewer toward an object and the mental condition of the viewer insofar as it affects the way the viewer sees the object." *Id.* The court explained why utilizing point of view is appropriate when analyzing the sixth *Lamborn* factor:

> "Because the perspective of the viewer is determined from the characteristics of the image, there is no reference to matter outside of the four corners of the image. Similarly, the inquiry does not focus upon the hypothetical reaction of the average viewer or the average pedophile, which also lies outside of the image. Indeed, reaction *per se* becomes irrelevant. The inquiry does not focus upon the reaction of a viewer, objective or otherwise, having been invited to view the work from a certain point of view. It simply asks, in which point of view does the image place the viewer? This approach does not require the trier of fact to ascertain the state of mind of a pedophile. Moreover, it avoids the problem of transmuting otherwise ordinary images into child pornography simply because they might arouse a pedophile. Thus, we believe that the proper inquiry focuses upon whether the image invites the viewer to perceive the image from some sexualized or deviant point of view." *Id.* at 238.

¶ 23    Prior to examining the image at issue under these principles, we first set forth the procedural posture of this case. This matter was before the trial court on a motion to dismiss an indictment, therefore the question before the court is not whether or not the image constituted child pornography under the statute, but whether or not the image is lewd insofar as a reasonable trier of fact *could* find that the material charged in the indictment constituted a

"lewd exhibition." As noted, whether an image is lewd is an objective standard. See *Lamborn*, 185 Ill. 2d at 594; *Sven*, 365 Ill. App. 3d at 238. It is unclear from the record in this cause whether the trial court employed this standard when granting defendant's motion to dismiss. Here, the trial court did not provide a basis for its ruling when it initially granted the motion. Upon ruling on the State's motion to reconsider, the trial court stated "*I* do not consider [the images] as being lewd. *I* don't think they meet the case law standards" (emphases added), again setting forth no legal basis. This statement would suggest that the trial judge employed a subjective standard when considering the images. Moreover, the trial court did not indicate what case law it relied upon or even if it relied on *Lamborn*. Indeed, there are cases since *Lamborn* where the image was found not to be lewd, but those were also not cited by the trial court. See *People v. Lewis*, 305 Ill. App. 3d 665, 678 (1999) (finding a photograph of a minor depicting her standing naked in front of a bed was not lewd after a bench trial); *People v. Wayman*, 379 Ill. App. 3d 1043, 1058 (2008) (finding two photographs consisting entirely of the minor victim's vaginal area and buttocks were not lewd where the images were introduced at the bench trial solely based on the victim's mother's testimony as to what the photographs depicted). Accordingly, we do not know what case law was considered. Most importantly, in rendering its ruling, the trial court failed to set forth which factors it relied upon when making its lewdness determination. As *Lamborn* makes clear, this is an objective determination based solely on the photograph, and while not all of the factors need to weigh in favor of lewdness, the factors still operate to guide the trial court in its ultimate determination of lewdness. See *Lamborn*, 185 Ill. 2d at 592-93. We thus reiterate, when considering whether material is lewd, a trial court must employ an objective standard as set forth by our supreme court, and the failure to do so is error. See *id.* at 594.

¶ 24  We now turn to conduct our own analysis of the image. Here, the image at issue depicts J.A. in the process of changing her clothing while inside a locker room and being filmed without her knowledge. J.A. is wearing a sports bra and her bare buttocks are exposed. She is bent over at the waist, and her face is pointed away from the camera. J.A.'s body is at such an angle that three-quarters of her buttocks are exposed and are in the focal point of the image. The camera angle is slightly elevated and looking down at her.

¶ 25  Our consideration of this image is guided by the court's reasoning in *Sven*. As previously noted, that case involved the surreptitious videotaping of a teenage girl bathing an infant in a bathtub. In concluding that the image was lewd, the court stressed the point of view of the image as one of a "voyeur." "Voyeurism is sexually motivated conduct, and it is recognized as deviant behavior. [Citations.] Thus, by placing the viewer in the role of the voyeur, the images become sexualized." *Sven*, 365 Ill. App. 3d at 239. The court explained that from this point of view, the fact that the images are candid is what contributes to their lewdness. *Id.* It is because the victim does not react, that "the image creates a sense of covert observation that would not otherwise exist." *Id.* Considering the point of view of the image here, the viewer stands in relation to J.A. as would a Peeping Tom. As in *Sven*, this point of view is reinforced by the fact that J.A. does not react to the camera whatsoever as she is unaware that she is being filmed. See *id.* This fact creates a sense of covert observation, which places the viewer in the position of a voyeur. Accordingly, a reasonable trier of fact could find that the material charged in the indictment constituted a "lewd exhibition."

¶ 26  We conclude that the trial court erred in granting the motion to dismiss and find that this case should have been decided by the trier of fact. Therefore, we reverse the judgment of the

circuit court and remand the matter for further proceedings before a different trial judge consistent with this opinion. Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994); see *People v. McAfee*, 332 Ill. App. 3d 1091, 1097 (2002) (where the reviewing court reassigned the matter to a different judge upon remand "in order to remove any suggestion of unfairness").

¶ 27                                              CONCLUSION

¶ 28        For the reasons set forth above, we reverse the decision of the trial court dismissing counts I through IV and remand the matter for further proceedings before a different judge.

¶ 29        Reversed and remanded.