No. 2—09—0550
Opinion filed March 1, 2011

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Stephenson County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08—CF—137 |
| NATHAN D. KNEBEL, | ) ) | Honorable Michael P. Bald, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Bowman and Birkett concurred in the judgment and opinion.

**OPINION**

Following a bench trial, defendant, Nathan D. Knebel, was found guilty of possessing child pornography (720 ILCS 5/11—20.1(a)(6) (West 2008)) and sentenced to 30 months' probation. Defendant timely appealed and now argues that he was not proved guilty beyond a reasonable doubt. For the reasons that follow, we affirm.

The only question on appeal is whether the photograph that formed the basis of defendant's conviction is "lewd" for purposes of the child pornography statute (see 720 ILCS 5/11—20.1(a)(1)(vii) (West 2008)). In making this determination, the following factors are relevant:

"(1) [W]hether the focal point of the visual depiction is on the child's genitals; (2) whether the setting of the visual depiction is sexually suggestive, *i.e.*, in a place or pose generally

associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended to elicit a sexual response in the viewer." *People v. Lamborn*, 185 Ill. 2d 585, 592 (1999).

See also *People v. Sven*, 365 Ill. App. 3d 226, 230 (2006). A finding that the photograph is lewd does not require the presence of every factor. *Lamborn*, 185 Ill. 2d at 592; see also *Sven*, 365 Ill. App. 3d at 230. Instead, we should judge the photograph in light of its overall content, while taking into consideration the age of the child. *Lamborn*, 185 Ill. 2d at 592-93; see also *Sven*, 365 Ill. App. 3d at 230. The parties agree that our standard of review is *de novo*. *Lamborn*, 185 Ill. 2d at 590; see also *Sven*, 365 Ill. App. 3d at 231.

We turn now to the photograph at issue. The photograph depicts a young girl, most likely between the ages of 6 and 10, lying naked on what appears to be a bed. A pillow and some stuffed animals are scattered around her. She is lying on her back, using her bent arms to prop herself up so that her shoulders and head are raised. She is looking directly at the camera. The front of her body from just above the knees to the top of her head is visible. Her head is cocked slightly to her right and she is smiling. Her legs are slightly spread apart and her vaginal area is completely visible.

With the exception of the fourth factor (whether the child is fully or partially clothed or nude), which defendant concedes, defendant argues that none of the factors supports a finding that the photograph is lewd. We disagree.

We find that all six factors support a finding of lewdness. First, the focal point of the photograph is on the child's genitals. Defendant argues that the focal point is not on the girl's

genitals but rather is on her entire body. In support of his argument, defendant attempts to analogize this case to *People v. Lewis*, 305 Ill. App. 3d 665, 678 (1999), where the photograph at issue showed a young naked girl standing next to a dresser in a bedroom. Here, however, the girl is not standing as was the girl in *Lewis*, but is instead lying on what appears to be a bed with her legs slightly spread. This position along with the angle of the photograph puts the child's exposed vaginal area at the forefront of the photograph.

We further find that the setting of the photograph is sexually suggestive, *i.e.*, in a place or pose generally associated with sexual activity. Defendant argues: "The girl is reclining on a [*sic*] what could be the mattress of a bed or daybed, or even the cushion of a couch. There are stuffed animals in the background along with what could be a pillow. Whether the setting is a bedroom, a family room or some other room requires speculation." According to defendant, "There is nothing sexually suggestive about the setting." Defendant alludes to the observation made in *Lewis*, that the fact that there was a made-up bed in the background did not necessarily suggest sexual activity, and seems to suggest that the same observation would apply here. Once again, however, defendant's reliance on *Lewis* is misplaced. In *Lewis*, the child was not on the bed; rather, the child was in a bedroom and the bed could be seen in the background. Moreover, the child in *Lewis* was standing. Here, the child is lying on what appears to be a bed. Whether it is really a daybed, a mattress, or a couch cushion is not important. What is important is that the child is reclining on what appears to be a bed, and in addition, she is in a pose generally associated with sexual activity.

We also find that the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child and that the photograph suggests sexual coyness or a willingness to engage in sexual activity. While it might not be unnatural for a child, while clothed, to lie back on

a bed as the child in the photograph is doing, the facts that the child is naked and that her vagina is prominently displayed for the camera render the pose unnatural. Further, the child is lying back with her legs slightly open while looking directly at the camera and smiling with her head cocked to one side. She appears inviting and willing to engage in sexual activity.

Last, we turn to the question of whether the photograph is intended to elicit a sexual response in the viewer. As our court explained in *Sven*, the inquiry here is "whether the image invites the viewer to perceive the image from some sexualized or deviant point of view." *Sven*, 365 Ill. App. 3d at 238. Defendant argues that the photograph is not intended to elicit a response from the viewer because "the viewer is not placed in the point of view of voyeur, since the young child is clearly aware of the camera." Defendant's reliance on *Sven* in support of his argument is misplaced. At issue in *Sven* was whether a videotape that the defendant made of his nude teenage babysitter bathing his nude infant was lewd. Although the tape in that case did put the viewer in the position of a voyeur, we did not hold that such a perspective was required for a finding of intent to elicit a sexual response from the viewer. The voyeur point of view in *Sven* just happened to be an element of that video; *Sven* did not mandate a voyeur point of view for a finding of lewdness.

We find that the photograph here is intended to elicit a sexual response from the viewer. The photograph portrays the child as a sexual object. For all the reasons noted above, she appears to be inviting sexual activity with the viewer of the photograph.

In sum, we hold that the photograph is "lewd" for purposes of the child pornography statute. Accordingly, we affirm defendant's conviction of possessing child pornography (720 ILCS 5/11—20.1(a)(6) (West 2008)).

Affirmed.