2020 IL App (3d) 160316

Opinion filed August 14, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF | ) | Appeal from the Circuit Court |
| | ) | of the 14th Judicial Circuit, |
| ILLINOIS, | ) | Whiteside County, Illinois. |
| | ) | |
| Plaintiff-Appellee, | ) | Appeal No. 3-16-0316 |
| | ) | Circuit No. 15-CF-70 |
| v. | ) | |
| | ) | The Honorable |
| | ) | Stanley B. Steines, |
| DREW W. BARGER, | ) | Judge, presiding. |
| | | |
| Defendant-Appellant. | | |

JUSTICE CARTER delivered the judgment of the court, with opinion.
Justice Schmidt concurred in the judgment and opinion.
Justice Schmidt also specially concurred, with opinion.
Presiding Justice Lytton dissented, with opinion.

**OPINION**

¶ 1    After a bench trial, defendant, Drew W. Barger, was convicted of child pornography, a

Class 2 felony (720 ILCS 5/11-20.1(a)(1)(vii), (a)(6), (c-5) (West 2014)), and was sentenced to

an extended term of 10 years in prison. Defendant appeals, arguing that (1) his conviction should

be reversed outright because the photograph at issue did not constitute child pornography as

defined in the statute and, alternatively, (2) his conviction should be reduced to a Class 3 felony

and remanded for resentencing because he should not have reasonably known that the child

depicted in the photograph was under the age of 13. We agree with defendant's first argument and do not, therefore, address defendant's second argument. Accordingly, we reverse defendant's conviction and sentence outright.

¶ 2                                     I. BACKGROUND

¶ 3         The underlying facts in this case are not in dispute. In November 2014, as part of a drug investigation, police officers made contact with defendant. Defendant agreed to cooperate with the investigation and turned his cell phone over to the police. The cell phone was searched pursuant to a search warrant for matters pertaining to the drug investigation, and a hidden folder containing images alleged by the State to constitute child pornography was found. A second search warrant was obtained, the images were extracted, and police officers questioned defendant about the images. Defendant initially denied knowledge of the hidden folder but eventually admitted that he had downloaded the images onto his phone. Defendant told police that he had been searching for "nudism" or "nudist" on the Internet and was interested in all types of pornography. Defendant acknowledged that the subjects depicted in the images looked "younger" but stated he thought that the girls in the pictures were of age and that the pictures were legal because the pictures were being shown on the Internet on public websites.

¶ 4         In March 2015, defendant was charged with six counts of Class 2 felony child pornography based upon six different photographs or computer depicted images that had been recovered from defendant's cell phone. The charging instrument was later amended. Defendant waived his right to a jury trial, and, in November 2015, the case proceeded to a bench trial. During the presentation of the evidence, all six of the alleged pornographic photographs were admitted into evidence.

2

¶ 5    One of the photographs, which is the only photograph that is at issue in this appeal, depicted a young girl that appeared to be approximately 8 to 10 years old on a beach during the daytime. The child was the only person depicted in the photograph and was completely nude. The photograph showed the child from the front at a relatively close angle from about her knee area to the top of her head with the camera apparently set at about the level of the child's stomach. The child was seated on a tether ball or a ball swing with her legs spread slightly apart straddling the ball. The rope for the tether ball/ball swing was located slightly away from the center of the child's body and was touching or near her vaginal area. The child's vaginal area was completely visible and was slightly forward in the photograph due to her seated position. The child had no pubic hair and no breast development. The child was holding onto the pole for the tether ball/ball swing with one hand and was holding her hair up with the other hand. The child was looking away from the camera in the photograph and appeared to be either squinting or smiling. Across about the center of the photograph, a website name was listed in large white letters.

¶ 6    After all of the evidence had been presented and the parties had made their oral closing arguments, the trial court took the case under advisement and gave the parties time to file written closing arguments. The trial court subsequently found defendant guilty of one count of child pornography, based upon the photograph described above, and found defendant not guilty of the five remaining counts. Defendant filed a motion for judgment of acquittal or for new trial, which the trial court denied. Following a sentencing hearing, the trial court sentenced defendant to an extended term of 10 years in prison. Defendant filed a motion to reconsider sentence, which the trial court also denied. Defendant appealed.

¶ 7                                              II. ANALYSIS

¶ 8        On appeal, defendant argues that (1) his conviction should be reversed outright because the photograph at issue did not constitute child pornography as defined in the statute and, alternatively, (2) his conviction should be reduced to a Class 3 felony and remanded for resentencing because he should not have reasonably known that the child depicted in the photograph was under the age of 13 years. We address only the first argument since it dictates the outcome of this case. As to the first argument, defendant asserts that the photograph did not constitute child pornography because it did not contain a lewd exhibition (referred to hereinafter at times simply as lewd or lewdness) of the child's genitals, as required under the law and as charged in this case. According to defendant, only one of the six case law factors for determining whether an image is lewd (set forth below) was present in this case—that the child in the photograph was naked—and the child's nudity alone was not sufficient to render the photograph lewd for the purpose of the child pornography statute. In making that assertion, defendant contends that the State cannot use that one factor—the child's nudity—to satisfy all of the other case law factors; otherwise, the test would be a one-factor test, rather than a six-factor test. For all of the reasons stated, defendant asks that we reverse outright his conviction of child pornography.

¶ 9        The State argues that defendant's conviction is proper and should be upheld. The State asserts that the image in question constituted child pornography and that defendant should have reasonably known that the child in the photograph was under 13 years of age. More specifically as to defendant's first argument, the State asserts that all six of the case law factors for determining whether an image is lewd are present in this instant case. The State asks, therefore, that we find that the photograph constituted child pornography and that we affirm defendant's conviction and sentence.

4

¶ 10    In cases such as this, where the reviewing court must determine whether a particular image is lewd for the purpose of the child pornography statute and the image in question is available for the reviewing court to consider firsthand, the standard of review is *de novo*. See *People v. Lamborn*, 185 Ill. 2d 585, 590 (1999); *People v. Sven*, 365 Ill. App. 3d 226, 231 (2006). No deference is given to the trial court's decision under those circumstances because the trial court is in no better position to judge the content of the image than the reviewing court. *Sven*, 365 Ill. App. 3d at 231.

¶ 11    Because of the nature of the offense involved and the harm it causes to children, child pornography is a category of material that is not protected by the First Amendment. See *Lamborn*, 185 Ill. 2d at 588-89. Under Illinois law, one of the ways that a person may commit the offense of child pornography is by possessing, with knowledge of the nature or content thereof, a photograph (or other type of image) of a child that the person knows or reasonably should know is under the age of 18, where the child in the photograph is depicted or portrayed in any pose, posture, or setting involving a lewd exhibition of the child's unclothed (or transparently clothed) genitals, pubic area, buttocks, or fully or partially developed breast (if female).[1] See 720 ILCS 5/11-20.1(a)(1)(vii), (a)(6) (West 2014); Illinois Pattern Jury Instructions, Criminal, No. 9.30 (4th ed. 2000) (hereinafter IPI Criminal 4th No. 9.30); *Lamborn*, 185 Ill. 2d at 590; *Sven*, 365 Ill. App. 3d at 228-29. In determining whether a particular image involves a lewd exhibition of a child's genitals for the purpose of the child pornography statute, courts consider the following six case law factors: (1) whether the focal point of the image is on the child's genitals, (2) whether the setting of the image is sexually suggestive, (3) whether the

_____

[1]In this particular case, it was alleged that the child in the photograph was under the age of 13, which made the charge a Class 2 felony, rather than a Class 3 felony. See 720 ILCS 5/11-20.1(c), (c-5) (West 2014).

child is depicted in an unnatural pose or in inappropriate attire considering the age of the child, (4) whether the child is fully or partially clothed or nude, (5) whether the image suggests sexual coyness or a willingness to engage in sexual activity, and (6) whether the image is intended or designed to elicit a sexual response in the viewer. *Lamborn*, 185 Ill. 2d at 592. Not all of the above six factors need to be present for an image to be deemed lewd. *Id.* Rather, the determination of whether an image is lewd involves an analysis of the overall content of the image, taking into account the age of the minor. *Id.* at 592-93. The determination must be made on a case-by-case basis, using an objective standard. *Id.* at 593-94. Because an objective standard is applied, the court must focus on the content of the photograph itself—and not on the conduct of the defendant—and may not consider the circumstances surrounding the taking of the photograph or whether the defendant was aroused by the photograph in determining whether the photograph is lewd. *Id.* at 594-95; *Sven*, 365 Ill. App. 3d at 231.

¶ 12        In the present case, upon a review of the photograph at issue and the law in this area, we find that the photograph was not lewd and that it did not constitute child pornography under the law. See 720 ILCS 5/11-20.1(a)(1)(vii), (a)(6) (West 2014); IPI Criminal 4th No. 9.30; *Lamborn*, 185 Ill. 2d at 590-93; *Sven*, 365 Ill. App. 3d at 228-31. In our opinion, only one of the six case law factors for determining lewdness was present in the instant case—that the child was completely naked in the photograph (the fourth factor). The remaining five factors were not present.

¶ 13        As for the first factor, the focal point of the photograph was not on the child's genitals. The photograph showed almost all of the child's body from below her knee area to the top of her head and was not a zoomed-in photograph of the child's genital area. See *People v. Lewis*, 305 Ill. App. 3d 665, 678 (1999) (stating that the focal point of the photograph in question was not on

6

the female child's genitals where the photograph depicted the naked child's entire body, except for her lower legs). In addition, neither the child's body nor her legs were turned or positioned in such a way as to deliberately and specifically expose the child's genitals to the camera or to substantially place the child's genitals in the forefront of the photograph. *Contra People v. Knebel*, 407 Ill. App. 3d 1058, 1059 (2011) (finding that the focal point of a photograph of a naked female child lying on a bed with her legs spread slightly was on the child's genitals because the positioning of the child and the angle of the photograph put the child's exposed vaginal area at the forefront of the photograph); *United States v. Dost*, 636 F. Supp. 828, 833 (S.D. Cal. 1986) (noting that, in some of the photographs at issue, the poses of the naked female child bordered on being acrobatic in order to obtain an unusual perspective on the child's genitals).

¶ 14      With regard to the second factor, there was nothing sexually suggestive about the beach setting of the photograph in the instant case. See *Lewis*, 305 Ill. App. 3d at 678 (stating that the setting of the photograph in question was not sexually suggestive, even though the setting was a bedroom, where the bedroom setting and the made-up bed in the background of the photograph were not used to suggest sexual activity or sexual meaning in the photograph). The photograph in this case was taken during the daytime, and it is impossible to tell from the limited area in view whether the beach was secluded as the State suggests. In reaching that conclusion, we reject the State's assertion that the beach is a sexual setting for the purpose of the case law factors merely because there have been sex scenes that have occurred on the beach in movies and television. If that was the standard, it would be difficult to find any place that did not constitute a sexual setting.

¶ 15    As for the third factor, the child in the photograph is not depicted in an unnatural pose. Indeed, the child could very well be seated on what is some type of a ball swing—a very natural activity for a child. Furthermore, the child is not wearing any clothes, and, thus, her attire is not a matter to be considered. See *United States v. Villard*, 885 F.2d 117, 124 (3d Cir. 1989) (indicating that the appropriateness of the child's attire did not arise where the child was naked). Contrary to the State's implied assertion, we cannot simply use the fact that the child is nude in the photograph to satisfy the third factor or any of the other case-law factors, except for the fourth one. See *People v. Wayman*, 379 Ill. App. 3d 1043, 1057 (2008) (stating that the element of nudity was not part of the third-factor criterion).

¶ 16    As for the fifth factor, we find nothing about the photograph that suggests sexual coyness or a willingness to engage in sexual activity. The child in the photograph is not looking at the camera, appears to be squinting rather than smiling, and is not positioning her body in an alluring manner, although she is holding up her hair. Compare *Dost*, 636 F. Supp. at 833 (indicating that the expression of the naked female child in one of the photographs in question was not sexually coy where the child was squinting and looking away from the camera), and *Wayman*, 379 Ill. App. 3d at 1057 (stating that the photograph in question did not satisfy the fifth factor where there was no evidence—whether by gesture, facial expression, or pose—that the naked female child in the photograph displayed a willingness to engage in sexual activity), with *Knebel*, 407 Ill. App. 3d at 1060 (finding that the photograph at issue suggested sexual coyness or a willingness to engage in sexual activity where the naked female child in the photograph was lying back on a bed with her legs slightly open and was looking directly at the camera and smiling with her head tilted to one side).

8

¶ 17    Finally, with regard to the sixth factor, we do not believe that the photograph was taken in such a way as to attempt to elicit a sexual response from the viewer or to invite the viewer to perceive the image from some sexualized or deviant point of view. *Contra Sven*, 365 Ill. App. 3d at 238-40 (finding that the point of view of the hidden camera footage at issue of a naked female 14 to 15 year old babysitter bathing a naked infant, which placed the viewer in the role of a voyeur or peeping tom, weighed in favor of finding that the videotape was lewd for the purpose of the child pornography statute because it invited the viewer to perceive the images on the videotape from some sexualized or deviant point of view). While the photograph was taken from a lower angle, it is not voyeuristic in nature, and the lower angle may very well be a result of the height of the tether ball/ball swing.

¶ 18    In sum, although we believe that it is abhorrent that this photograph may be viewed on, and downloaded from, the Internet, we cannot say that the photograph is lewd or that it constitutes child pornography under the law. See *Lewis*, 305 Ill. App. 3d at 678 (finding that a photograph of nearly the full body of a naked 11 year old female child standing in a bedroom with a made-up bed in the background was not lewd for the purpose of the child pornography statute where the focal point of the photograph was not on the child's genitals; there was no indication that the bedroom or bed had any sexual meaning in the photograph; the child was not posed in a sexually suggestive or unnatural manner; the child was not wearing inappropriate attire; the expression on the child's face was not sexual, inviting, or coy in any way; and the photograph did not appear to be designed to elicit a sexual response in an objective viewer); *Wayman*, 379 Ill. App. 3d at 1056-58 (finding that a mother's description of two photographs that her ex-husband had taken of the mother's 10-year-old daughter standing in a bathroom, showing the daughter's full body from both the front and the back, was not sufficient to establish

9

that the photographs were lewd for the purpose of the child pornography statute where the focal point of the photographs was not on the daughter's genitals or buttocks; there was nothing about the bathroom setting that was sexually suggestive; the daughter was not posed in a sexually suggestive or unnatural manner; the daughter was not wearing inappropriate attire; there was no facial expression, gesture, or pose of the daughter that displayed a willingness to engage in sexual activity; and the photographs did not invite the viewer to perceive the images from some sexualized or deviant point of view).[2] We, therefore, have no choice but to reverse defendant's conviction of child pornography and sentence outright. Furthermore, as noted previously, because defendant's first argument completely resolves this appeal, we need not address defendant's second argument.

¶ 19                                    III. CONCLUSION

¶ 20        For the foregoing reasons, we reverse the judgment of the circuit court of Whiteside County.

¶ 21        Reversed.

¶ 22        JUSTICE SCHMIDT, specially concurring:

¶ 23        I concur in the above judgment. I write separately to note that not all pictures that contain nudity are pornographic. Nude pictures of young children make many people, if not most, uncomfortable. That being said, the issue here is whether this photograph of a young female is pornographic.

---

[2]The trial court in the *Wayman* case also determined that the mother's testimony was insufficient to establish that two other photographs, which were allegedly the same as the first two photographs but had been cropped and enlarged to show the daughter's genitals and buttocks only, were lewd for the purpose of the child pornography statute. See *Wayman*, 379 Ill. App. 3d at 1058-61.

10

¶ 24     Years ago, retailers would advertise children's underwear in catalogs and flyers, including photos of children modeling underwear. The prurient interests of sexual deviants have since put a cease to that practice. Nonetheless, the nudity displayed in this picture of the young female, no matter how uncomfortable, does not necessarily make the photograph pornographic. See *Sven*, 365 Ill. App. 3d at 230 (noting that simple nudity, while a factor to consider, is not sufficient in itself to render an image lewd).

¶ 25     Further, the fact that someone can view this picture and conjure sexual undertones does not make it pornographic. *Supra* ¶ 11 (citing *Lamborn*, 185 Ill. 2d at 594-95, and citing *Sven*, 365 Ill. App. 3d at 231). Even the subjective sexual arousal on the part of the viewer is insufficient to establish that the picture is pornographic. See *Lamborn*, 185 Ill. 2d at 594-95 (" 'Although it is tempting to judge the *actual* effect of the photographs on the viewer, we must focus instead on the *intended* effect on the viewer.' " (Emphases in original.)) (quoting *Villard*, 855 F.2d at 125); *id.* ("pictures of nude children do not necessarily become child pornography when they reach the hands of a pedophile").

¶ 26     It is for those reasons I specially concur.

¶ 27     JUSTICE LYTTON, dissenting.

¶ 28     I write separately because I cannot agree with the majority's conclusion that the depiction of a nude prepubescent female straddling a tether ball on a beach is not a lewd exhibition of a child.

¶ 29     A person commits the offense of possession of child pornography under section 11-20.1(a) of the Criminal Code of 2012 when he or she, with knowledge of the nature of the content, possesses a photograph or computer depiction of a child the person knows or reasonably should know is under the age of 18 (720 ILCS 5/11-20.1(a)(6) (West 2014)), where the child is "depicted

11

or portrayed in any pose, posture or setting involving a lewd exhibition of the unclothed or transparently clothed genitals, pubic area, buttocks, or, if such person is female, a fully or partially developed breast of the child or other person" (*id.* § 11-20.1(a)(1)(vii)). Where the child depicted is under the age of 13, a violation of section 11-20.1(a)(6) is a Class 2 felony. *Id.* § 11-20.1(c-5).

¶ 30    To convict a person of a Class 2 felony of the offense of child pornography, the State must prove beyond a reasonable doubt that (1) the depiction was a lewd exhibition of the unclothed genitals, pubic area, buttocks or breasts of a child and (2) the defendant knowingly possessed a depiction of a child he or she reasonably should have known to be under the age of 13. *Id.* § 11-20.1(a)(1)(vii), (a)(6), (c-5). The Illinois Supreme Court has enumerated six factors to consider in determining whether a photograph of a child constitutes a "lewd exhibition of the unclothed genitals." Those factors are (1) whether the focal point of the visual depiction is on the child's genitals, (2) whether the setting of the visual depiction is sexually suggestive, *i.e.*, in a place or pose generally associated with sexual activity, (3) whether the child is depicted in a unnatural pose, or in inappropriate attire, considering the age of the child, (4) whether the child is fully or partially clothed or nude, (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity, and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. *Lamborn*, 185 Ill. 2d at 592. A photograph need not involve all the listed factors to be considered lewd. *Id.* A court's determination of lewdness should be made on a case-by-case basis. *Id.* at 593.

¶ 31    Lewdness must be construed in light of the grave concerns regarding the sexual exploitation of children and the harm it inflicts on the children involved in child pornography. *Lewis*, 305 Ill. App. 3d at 677. As our supreme court has emphasized, "[c]hild pornography is particularly harmful because the child's actions are reduced to a recording which could haunt the

12

child in future years, especially in light of the mass distribution system for child pornography." *Lamborn*, 185 Ill. 2d at 589.

¶ 32    The first *Lamborn* factor involves an analysis of the relative angle and closeness of the photograph that concentrates on a child's genitals. See *Knebel*, 407 Ill. App. 3d at 1059. Here, the angle of the photograph is a direct frontal, close-up view of the torso of the nude female child, which displays her genitals prominently. The angle of the camera is below the child's torso, and the picture was taken at an upward angle, focusing directly on the child's genitals. Further, the child's entire body is not visible. The image depicts the nude child from the top of her head to her upper thigh and places the child's breasts and vaginal area at the forefront of the photograph. Thus, the first factor weighs in favor of a "lewd exhibition."

¶ 33    The second factor also supports a finding of lewdness. The nude female is straddling a tether ball, holding onto a pole on a beach. The beach appears to be secluded. The beach setting is sexually suggestive because it is often used for romantic encounters. See *United States v. Schuster*, 706 F.3d 800, 808 (7th Cir. 2013) (finding that while a bathtub alone may not be commonly associated with sexual activity, showers and bathtubs were frequent locations for fantasy sexual encounters as portrayed in television and film). In addition to the secluded beach location, the pose of the nude child is sexually evocative. She is sitting on top of a ball with her legs spread apart. With one hand, she is holding onto a pole while leaning back, and with the other hand, she is brushing her hair up and away from her face. This sexually suggestive pose, depicted in a sexually suggestive setting, creates a visual depiction that can only be described as lewd.

¶ 34    The third factor, whether the child is depicted in an unnatural pose or in inappropriate attire is easily met. The photograph shows a young nude female child straddling a tether ball. While the

13

game of tether ball may be a natural activity for a child, there is nothing natural about a nude child sitting on top of the ball with the rope in close proximity to her vagina.

¶ 35　　　　Defendant concedes that the fourth factor, whether the child is fully or partially clothed or nude, applies. Therefore, the fourth factor weighs in favor of lewdness.

¶ 36　　　　The fifth factor, whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity, is the only factor that does not support a determination of lewdness. When considering the depiction of sexual coyness, there should be evidence, whether "by gesture, facial expression, or pose, that the subject of the photograph display[s] a willingness to engage in sexual activity." *Villard*, 885 F.2d at 124. Here, the young girl is looking away from the camera, and her facial expression is difficult to discern. Thus, it is unclear whether the photograph suggests a willingness to engage in sexual activity. See *Wayman*, 379 Ill. App. 3d at 1057 (testimony that subject was not looking at the camera in one photograph and her facial expression was nondescript in the second photograph failed to satisfy the fifth criterion).

¶ 37　　　　The sixth factor is the most compelling factor in this case: whether the visual depiction is intended or designed to elicit a sexual response in the viewer. The proper inquiry for this factor focuses on whether the image invites the viewer to perceive the image from some sexualized or deviant point of view. *Sven*, 365 Ill. App. 3d at 238. Lewdness is not a characteristic of the child photographed but of " 'the exhibition which the photographer sets up for an audience that consists of himself or likeminded pedophiles.' " (Emphasis omitted.) *Id.* at 238-39 (quoting *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987)). Here, the photo was intended to elicit a sexual response in the eyes of the viewer. The nude child is sitting on top of and straddling a tether ball while holding onto a pole. The rope tied to the ball runs along her vagina and up to the pole. The photographer has framed the picture from a lower angle, highlighting the child's genitals and the

14

rope's position in relation to her genitals. The majority's assertion that the lower angle of the photograph may be a result of the height of the tether ball, and nothing more, is naïve. This photograph of a young female child straddling a tether ball in the nude while grabbing a pole has a phallic characteristic that the photographer set up for an audience of "likeminded pedophiles." Exhibit 4 depicts a lewd exhibition of the unclothed genitals of a child.

¶ 38 For these reasons, I dissent from the majority's decision reversing defendant's conviction and sentence outright. I would affirm his conviction and 10-year sentence for one count of child pornography.

**No. 3-16-0316**

| | |
|---|---|
| **Cite as:** | *People v. Barger*, 2020 IL App (3d) 160316 |
| **Decision Under Review:** | Appeal from the Circuit Court of Whiteside County, No. 15-CF-70; the Hon. Stanley B. Steines, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Peter A. Carusona, and Adam N. Weaver, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Terry A. Costello, State's Attorney, of Morrison (Patrick Delfino, David J. Robinson, and Stephanie L. Raymond, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |